## SKELTON v. STANDARD INV. CO. *et al.*

No. 2374.    Opinion Filed February 18, 1913

(130 Pac. 562.)

1. **APPEAL AND ERROR—Pleading—Review—Discretion of Court.** "A motion to make more definite and certain is in a large measure addressed to the discretion of the court, and its ruling thereon will be reversed, if at all, only for an abuse of discretion." 6 Pl. & Pr. 280.

2. **PLEADING—Motion to Make More Definite and Certain.** The plaintiff's cause of action and defendants' defense should be stated in the pleadings with such clearness and definiteness as to enable the court to perceive just what issues are to be tried. And an order requiring a petition to be made more definite and certain will not be reversed, where, on the face of the petition, there is a doubt as to the issues presented, or as to whether a cause of action is stated, or whether defendant is charged with notice of what he is required to defend against.

(Syllabus by Harrison, C.)

*Error from the District Court, Okmulgee County; W. L. Barnum, Judge.*

Action by L. S. Skelton against the Standard Investment Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Stanford & Cochran,* for plaintiff in error.

*William M. Matthews* and *Ralph H. Ellison,* for defendants in error.

Opinion by HARRISON, C. The amended petition in this action was filed November 13, 1909, by L. S. Skelton against the Standard Investment Company, a corporation, and L. L. Sessions and A. A. Vierson, as individuals, for damages for refusing to execute an oil and gas lease on certain tracts of land described in the petition. It is alleged in the petition that the Standard Investment Company is a corporation organized under the laws of the Indian Territory and now existing under the laws of the state of Oklahoma; that the defendants L. L. Sessions and A. A. Vierson were the principal stockholders in said corporation; that about July 14, 1906, the plaintiff entered into a verbal contract with defendant Standard Investment Company, through its agents, Sessions and Vierson, wherein it was agreed on the part of said corporation as such, and on the part of said Sessions and Vierson as individuals, that defendants should convey certain tracts of land to plaintiff and in exchange therefor plaintiff should convey certain tracts of land to defendants; that, in further consideration of the land conveyed to defendants by plaintiff, defendants verbally agreed to execute commercial oil and gas leases on certain other tracts of land in addition to the tracts conveyed by warranty deed; that, pursuant to such agreement, plaintiff conveyed by warranty deed the tracts of land which he had agreed to convey to defendants, and defendants conveyed by warranty deed the tracts which they had agreed to convey to plaintiff; but that although the demand had been made for same, defendants had refused to execute the oil and gas leases agreed upon, that said oil and gas leases are of a fluctuating and speculative value; that, at the time that demand was made for their execution and delivery, they had increased in value to an approximate amount of $50,000; and that, by reason of defendants' refusal to execute such leases, plaintiff had been damaged

in the sum of $50,000, and asked judgment for said amount. On December 6, 1909, defendants filed motion to require plaintiff to make his amended petition more definite and certain in eleven different particulars set out in eleven separate paragraphs. The court overruled the motion as to paragraphs 1, 2, and 5, but sustained it as to the remaining paragraphs. Plaintiff refused to comply with the order of the court by making his petition more definite and certain, and the court dismissed the action. Whereupon plaintiff appealed on the ground that the court erred in sustaining the motion to make the petition more definite and certain.

Plaintiff in error presents several questions of error which arise incidental to the effect of the court's ruling, but upon the entire record the primary question involved is whether the court abused its discretion in sustaining the motion to make the petition more definite and certain. The rule is that such motions should specifically point out the defects in the petition. This rule was clearly complied with in defendants' motion. It is also the general rule that the order granting the motion should direct in what particular the defective pleading is to be amended. This rule was also complied with by the court:

"A motion to make more definite and certain is in a large measure addressed to the discretion of the court, and its ruling thereon will be reversed, if at all, only for an abuse of discretion." (6 Pl. & Pr. 280, and authorities cited in notes.)

From the above rule, which is practically universal in code states, the ruling of the court in such matters is not, and should not be, disturbed by appellate courts unless there is an apparent abuse of discretion. It is very essential that trial courts be vested with discretion in passing upon such motions, for, owing to the frequent congestion of trial dockets, the fact of new and intricate questions and issues constantly and unexpectedly arising in the trial, and the usual lack of time in which to give such issues due deliberation, it is necessary that the pleader be required to state his cause of action or defense

with such clearness and definiteness as to enable the court to perceive just what issues are to be tried. And an order requiring a petition to be made more definite and certain will not be reversed, where, on the face of the petition, there is a doubt as to the issues presented or whether a cause of action is stated or whether the defendant is charged with notice of what he is required to defend against. The petition in the case at bar is not sufficiently clear to enable the court to correctly determine whether plaintiff was entitled to damage, or what the true measure of damage should be. Neither is it clear as to whether there was an improper joinder of two or more causes of action and two or more parties defendant. Nor is it sufficiently clear in the allegations as to the verbal contract sued upon to enable the court to readily and correctly determine whether such contract came within the statute of frauds.

In our opinion the order of the court below sustaining the motion to make the petition more definite and certain was the exercise of a sound discretion, and the judgment should be affirmed.

By the Court: It is so ordered.