[Civ. No. 5329. Second Appellate District, Division One.—September 16, 1926.]

## ELIZABETH A. POHLMAN, Respondent, v. ERNEST B. SMITH, Appellant.

[1] CONTRACTS—MISTAKE OF LAW BY ONE PARTY ONLY—EXISTENCE OF.—A mistake of law by one party only, as constituting a ground for rescinding a contract, exists only when it arises from "a misapprehension of the law by one party, of which the others are aware at the time of contracting, but which they do not rectify."

[2] LANDLORD AND TENANT—UNLAWFUL DETAINER—LEASES—MISTAKE OF LAW—NOTICE—EVIDENCE.—In an action in unlawful detainer on account of defendant's refusal to pay rent under a lease or quit possession of the leased premises, any error on the part of the trial court in sustaining an objection to defendant's offer to prove that defendant, at the time he signed the lease and thereafter, was the owner of an undivided one-third interest in the premises described in the lease and that when defendant signed the lease he did not know that the same would affect his right to possession as a co-owner or as an owner of an undivided one-third interest in the property, was of no consequence, where to defendant's further offer to prove "that at the time this lease was signed the plaintiff was aware of the fact that the signing of the lease would estop the defendant from claiming the right to possession as against her, and that the mistake on the part of the defendant in his estimate of the effect of this document was known to the plaintiff and not communicated by the plaintiff to this defendant," plaintiff did not object, and no adverse ruling thereon was made by the court, and the defendant did not attempt to introduce any evidence that the alleged mistake on the part of the defendant was known to the plaintiff.

[3] ID.—LESSOR'S TITLE—DENIAL BY LESSEE—ESTOPPEL.—In such action, in the absence of facts entitling defendant to have rescinded the lease, he was left in a position where he could not dispute the title of the lessor; and the fact that defendant was in possession prior to the execution of the lease and did not make entry under or by virtue of the lease did not give him the right to dispute the lessor's title in an action of unlawful detainer, the question of title not being involved in such an action.

---

(1) 13 C. J., p. 379, n. 85; 35 C. J., p. 1158, n. 63.   (2) 36 C. J., p. 612, n. 95.   (3) 35 C. J., p. 1243, n. 15, p. 1245, n. 46.

1. See 6 Cal. Jur. 89.
3. See 15 Cal. Jur. 855.

APPEAL from a judgment of the Superior Court of Los Angeles County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry O. Wackerbarth for Appellant.

Ray W. Bruce and Lucien Gray for Respondent.

CONREY, P. J.—Under date May 29, 1924, the plaintiff executed to the defendant a lease in writing of three acres of land for the period of one year, the tenant to pay rent at the rate of one hundred dollars per month. After delinquency in payment of rent and after the statutory notice had been given, plaintiff commenced this action on account of neglect and refusal of defendant to pay the rent due or quit possession of the premises.

By his answer the defendant denied that he entered into possession of the premises under and by virtue of the written lease, but alleged that he went into possession thereof in February, 1921, at which time and all times thereafter the defendant was the owner of an undivided one-third interest in said property. It is an admitted fact that at all of said times the legal title to said premises was vested in the plaintiff. The substance of the defense was that the defendant and his brother, together with their mother (the plaintiff), had purchased said property with a common fund belonging to all of them, and that they entered upon and continued their possession of said premises as such co-owners or cotenants. As a separate defense the defendant alleged that he and his said brother and the plaintiff had been engaged in business as partners and owned said real property as partners; that in May, 1924, there was a certain division of assets between the parties (not including said real property), but at that time the plaintiff demanded of the defendant that he take a lease of said premises for one year and pay her a rental of one hundred dollars per month therefor; that she caused such lease to be prepared and presented the same to him and demanded that he sign the same; that in signing said lease the defendant did not believe that the same would affect his

title to or right of possession of the property, nor estop him from asserting his rights in any court or action; that had he known that the signing of the lease would affect his right to the possession or estop him from asserting said right he would not have signed said lease; that in signing said lease he never intended to waive any right in the property or right to possession as a co-owner thereof; that at the time of the signing of said lease, the plaintiff knew that the signing of said lease would act as an estoppel against said defendant; that "the mistake made by said defendant in determining the legal effect of said lease was known to the plaintiff at the time of signing the same; and plaintiff did not inform or advise this defendant of his mistaken belief as to the legal effect of said document."

From the judgment in favor of the plaintiff the defendant appeals. Counsel for appellant states the gist of defendant's grounds of appeal as follows: "The defendant propounded certain questions to the plaintiff, on cross-examination, and to the defendant himself, the answers to which, if given, appellant believes would have sustained the contentions and defenses set forth in his amended answer, and in addition thereto the defendant offered to prove by testimony the allegations and affirmative defense of his answer, but the court sustained the objection of the plaintiff to said questions and said offer of proof and it is the ruling of the trial court sustaining said objections and sustaining the objections to the said offer of proof that appellant desires to have reviewed by the appellate court."

It is apparent that the defense to which the offered and excluded evidence related was based upon mistake of law on the part of the defendant at the time of the execution of the lease. [1] Such mistake of law by one party only, as constituting a ground for rescinding a contract, exists only when it arises from "a misapprehension of the law by one party, of which the others are aware at the time of contracting, but which they do not rectify." (Civ. Code, sec. 1578, subd. 2.) [2] By a series of questions addressed to the plaintiff and also the defendant, as witnesses at the trial, the defendant endeavored to show that, at the time of execution of the lease and thereafter, the defendant was the owner of an undivided one-third interest

in the premises described in the lease; and that at the time when defendant signed the lease he did not know that the same would affect his right to possession as a co-owner or as an owner of an undivided one-third interest in the property. On objection by the plaintiff, the court excluded this offered evidence; but the defendant did state, in answer to one of the questions relating to the time when the lease was signed, that he did not know that the signing of the lease would create estoppel, as against him, from claiming possession. It was admitted in evidence and was not disputed that the defendant "was an occupant or in possession of the property since 1921." In a statement by defendant's attorney of facts which he desired to prove, he stated that he offered to prove "that at the time this lease was signed the plaintiff was aware of the fact that the signing of the lease would estop the defendant from claiming the right to possession as against her, and that the mistake on the part of the defendant in his estimate of the effect of this document was known to the plaintiff and not communicated by the plaintiff to this defendant." To this part of defendant's offered proof, plaintiff did not object, and no adverse ruling thereon was made by the court. Nevertheless, the defendant did not attempt to introduce any evidence that the alleged mistake on the part of the defendant was known to the plaintiff. In the absence of any such evidence and in the absence of any ruling of the court excluding the same, it is clear that any error which may have occurred in the court's ruling relating to the other evidence connected with this defense is of no consequence. This is so because the mere misapprehension of law by the defendant is immaterial unless accompanied by evidence that the plaintiff was aware of such misapprehension of law by the defendant.

[3] In the absence of facts entitling defendant to have rescinded the lease, he was left in a position where he could not in this action dispute the title of the lessor. The fact that defendant was in possession prior to the execution of the lease and did not make entry under or by virtue of the lease does not give him the right to dispute the lessor's title in an action of unlawful detainer; for this is an action in which the question of title is not involved.

(*Knowles* v. *Murphy,* 107 Cal. 107, 114 [40 Pac. 111]; *Martin* v. *Bartmus,* 189 Cal. 87, 91 [207 Pac. 550].)

The judgment is affirmed.

Houser, J., and York, J., concurred.