COMMERCIAL CASUALTY INS. CO. of NEWARK, N. J., v. ADKISSON, Adm'r.

No. 20482. Opinion Filed Oct. 20, 1931.

P. G. Fullerton, for plaintiff in error.

Stevens & Cline, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Comanche county by defendant in error, W. T. Adkisson, as administrator of the estate of Lillie Mae Adkisson, deceased, against plaintiff in error, Commercial Casualty Insurance Company, of Newark, N. J., a corporation, to recover on an accident insurance policy.

The parties will be referred to as they appeared in the trial court.

Plaintiff alleged in his petition, in substance, that deceased departed this life as result of causes hereinafter set out on September 27, 1927; that plaintiff was duly appointed administrator of the estate of deceased; that defendant is a corporation organized under the laws of New Jersey, and duly licensed to do business in Oklahoma; that during the lifetime of deceased she applied for policy of insurance in defendant's company, and on or about the 2nd day of September, 1927, same was issued to her, and in full force and effect until October 1, 1927. Thereby insured Lillie Mae Adkisson against the effects resulting directly and exclusively of all other causes, from bodily injury sustained during the life of the policy, solely through external, violent and accidental means, in the sum of $600, payable to her estate, in the event of her death; and by part V of said contract, said defendant company further promised and agreed that:

"The amount otherwise payable under sec. (a) of part II, should be tripled if 'such injury' is sustained_____(4)_____in consequence of the burning of any hotel while the insured is therein and is not acting as a volunteer or paid fireman."

That deceased, on the 26th day of September, 1927, registered and became a guest of New Duncan Hotel, at Duncan, Okla., which was a corporation, owning its own hotel building and operating the same as a hotel, and she was assigned to a room on the second floor of said hotel building. That while she was a guest of said hotel and in the room assigned to her the hotel building and particularly the room occupied by her got on fire, and the woodwork of said room caught fire and the furniture and fixtures, including curtains, window shades, pillows, sheets, mattress, and the rug on the floor were all set on fire, and the clothing of deceased then being by her worn caught fire, as well as other clothing and effects belonging to her situated in said room; and as a direct and proximate result thereof she suffered severe burns and injuries by fire, resulting in her death, directly and exclusively of all other causes, by virtue of said

bodily injuries, by her sustained, solely through the said accidental means and external violence, and as a direct result and as a consequence of the burning of said hotel, while insured was therein; that at said time she was not acting as volunteer or paid fireman, but solely a guest at said hotel for hire.

That notice and proof of loss was duly made to defendant. That plaintiff has performed all things required as condition precedent to suit being brought thereon.

That by reason of said facts defendant is indebted to plaintiff on its said policy of insurance in the sum of $1,800, no part of which has been paid, and which payment defendant neglects and refuses to make.

Prayed for judgment against defendant in the sum of $1,800 and interest thereon at 6 per cent. from September 27, 1927, until paid.

Attached and made a part of the petition the policy, and copy of the application for the policy.

Defendant filed motion to make the petition more definite and certain as follows:

"1. By stating, if he knows, whether or not the clothing worn by Lillie Mae Adkisson caught fire from the burning building or from some other external and accidental cause or means.

"2. To state, if he knows, how and from what violent and accidental means or cause the hotel building, and particularly the room occupied by Lillie Mae Adkisson, 'got on fire.'

"3. To state, if he knows, whether or not the clothing of Lillie Mae Adkisson 'caught fire,' in point of time, before or after the hotel building 'got on fire.'

"4. To state, if he knows, what violent and accidental means set fire to the building.

"5. To state, if he knows, what violent and accidental means set fire to the clothing of Lillie Mae Adkisson."

Which motion was overruled and excepted to by defendant.

Thereafter demurrer of defendant:

"That the allegations of the petition are insufficient to constitute a cause of action in favor of plaintiff and against defendant for triple liability"

—was overruled, to which defendant excepted.

Defendant filed answer by way of general denial except as specifically admitted:

Admitted the execution of the policy and that the policy was in force until 12 o'clock noon October 1, 1927, in the sum of $600. Admitted that the death of said insured on September 27, 1927, was caused solely through external, violent, and accidental means; admitted its liability in the sum of $600; admitted that plaintiff is qualified to bring and maintain the action.

Alleged that the death of deceased was caused by burns received while she was a guest at the New Duncan Hotel; that the said burns were inflicted upon her solely as the consequence of the ignition of and explosion of gas within the room she was occupying, which explosion enveloped her in flames and set fire to her clothing, as appears in proof of loss submitted to defendant by plaintiff, copy of which proof of loss was made a part of the answer. That defendant had offered to pay the full amount of defendant's lawful liability under said policy, as shown by draft in sum of $600 attached and made a part of answer, which was refused by plaintiff solely on grounds that plaintiff was entitled to triple liability, or the sum of $1,800.

Defendant tendered the $600 and consented that the costs accrued be assessed against defendant, and prayed that it be dismissed without further costs.

Reply of plaintiff denied each and every material allegation in the answer which were not admissions of the allegations of the petition.

Upon a trial defendant demurred to plaintiff's evidence, which was overruled. The defendant introduced no proof, and the jury returned a verdict for plaintiff in the sum of $1,800, and answered interrogatories requested by defendant and given by the court, which verdict was approved by the trial court.

Motion for new trial was filed, overruled, and excepted to by defendant, and defendant brings the cause here for review.

The first assignment of error presented by plaintiff in error is:

"Overruling the defendant company's motion to make the petition of plaintiff more definite and certain."

In the case of Shunkamola v. Potter Delco, 131 Okla. 272, 268 P. 270, in the first paragraph of the syllabus, this court said:

"A motion to make more definite and certain is addressed largely to the discretion of the court; and its ruling thereon will not be reversed except for the abuse of such discretion that results prejudicially to the complaining party."

And in the case of Page v. Oklahoma City, 129 Okla. 29, 263 P. 448, this court in

the second paragraph of the syllabus said:

"It is not necessary that the facts should be stated in such manner as would entitle one to recovery under any particular form of action, but sufficient if they show a right to recovery under the general principles of law."

And in the case of Skelton v. Standard Inv. Co., 37 Okla. 82, 130 P. 562, this court in the second paragraph of the syllabus, said:

"The plaintiff's cause of action and defendants' defense should be stated in the pleadings with such clearness and definiteness as to enable the court to perceive just what issues are to be tried. And an order requiring a petition to be made more definite and certain will not be reversed, where, on the face of the petition, there is a doubt as to the issues presented, or as to whether a cause of action is stated, or whether defendant is charged with notice of what he is required to defend against."

The petition alleged clearly and concisely that deceased was a guest in the hotel, and while in her room the hotel building and the room occupied by her caught fire. and the furniture and fixtures were all set on fire, and the clothing being worn by her caught fire, and as a direct and proximate result thereof the deceased suffered the burns and injuries by fire, and that such injuries and her death effected thereby resulted directly and exclusively of all other causes, by virtue of said bodily injuries by her sustained, solely through the said accidental means and external violence, and as a direct result and as a consequence of the burning of said hotel. Further alleged that by reason of said facts the defendant was indebted to plaintiff on its said policy of insurance in the sum of $1,800. Made the policy a part of its petition.

There is no doubt as to the issues presented. The defendant had notice that plaintiff was asking for recovery under the triple indemnity clause in said policy, "in consequence of the burning of any hotel while the insured is therein, * * *" and from the pleading the court and the defendant could perceive just what issues are to be tried; and it is our opinion that there was not such an abuse of discretion of the trial court as resulted prejudicially to the defendant.

The plaintiff in error next contends that:

"The court erred in overruling the defendant company's demurrer to the petition of plaintiff."

In the case of Rhode Island Ins. Co. v. Glass, 131 Okla. 108, 267 P. 840, this court in the second paragraph of the syllabus said:

"In considering a demurrer to the petition it is the duty of the court to examine the petition and the exhibits thereto attached, and if the petition, together with the exhibits, state facts sufficient to constitute a cause of action against the defendant. it is the duty of the court to overrule such demurrer."

This rule has been followed by this court in a number of cases, and we must conclude that plaintiff's petition, together with the contract of insurance sued upon, states a cause of action for triple liability.

Plaintiff in error's next contention is:

"We further assign as error the court's action in overruling the defendant company's demurrer to the evidence of plaintiff."

The only question in the case at bar was whether or not the plaintiff was entitled to recover under the triple indemnity provision of the policy on account of injuries and death of the deceased occurring,

"In consequence of the burning of any hotel while the insured is therein and is not acting as a volunteer or paid fireman,"

—or was only entitled to the principal sum for accidental death.

The plaintiff's evidence disclosed that the deceased registered and became a guest of the hotel for hire; that she was assigned a room. That the hotel was known as the New Duncan Hotel, which was a corporation, which owned the hotel building as well as the contents and fixtures, and had in operation a cafe. That the hotel building was two stories in height, and operated 57 rooms. That the hotel was equipped with gas stoves. That the weather being cold, the deceased called for a fire, and the gas not having been turned on during the summer, the manager instructed the porter to close up all stoves on one floor and he took the other floor of the building. That where gas had not been turned on during the summer it required about ten minutes for the air to blow out of the pipes. That in deceased's room was a gas stove as well as another gas pipe, which gas pipe did not have a cap thereon. or if it had one, it blew off. That deceased was in the lobby when the porter went to her room first. That after the fire was started or should have been started deceased went to her room. That the manager of the hotel next heard an explosion and heard deceased scream; that he went immediately upstairs and met the deceased at the top of the stairs in not over 30 seconds from the time he heard the explosion. That when he met the deceased she was on fire, covered with flames. That he went to her room, the door was open; the windows were

broken out, and the bed, bedding, chairs, dresser, table, and window facing were ablaze; clothing hanging on back of door blazing; that said objects were on all sides of the room at various places in the room. That he was the first person to the room.

The fireman testified that he went to the northeast room (which was the room that had been occupied by deceased); that he saw the smoke coming out; the door was open; that he first observed as he entered the room that it was like going into a furnace; smoke and fire all around; bed, dresser, window sills, the door and all of the woodwork were on fire and in flames, as well as clothing hanging behind the door. The window shades had burned off. That the stove was burning and that there was an exposed gas pipe that did not have a cap on, or the cap had been knocked off, that was burning behind the dresser, and continued burning until some one put their hand over the pipe and put it out.

A doctor testified that when he arrived at the hotel and examined the deceased about four-fifths of the skin of the body was destroyed, and that the cause of her death was the burning she received.

We are unable to agree with the plaintiff in error as contended in its brief that in the case at bar where the policy provides for triple indemnity "in consequence of the burning of any hotel while the insured is therein, * * *" should be construed the same as a policy providing for double indemnity "if caused by the burning of a building while the said person is therein."

A "building" as defined by Webster is:

"That which is built; as now generally used, a fabric or edifice, framed or constructed, designed to stand more or less permanently, and covering a space of land for use as a dwelling, storehouse, factory, shelter for beasts or some other useful purpose."

A "building" as defined by Bouvier's Law Dictionary:

"An edifice, erected by art, and fixed upon or over the soil, composed of brick, marble, wood, or other proper substance, connected together, and designed for use in the position in which it is so fixed."

A "hotel" as defined by Webster is:

"A house for entertaining strangers or travelers."

"A 'hotel' is a place where lodging is furnished to transient guests, as well as one where both lodging and food are furnished. Metzler v. Terminal Hotel Co., 115 S. W. 1037, 1038, 135 Mo. App. 410; Words and Phrases (2nd Series) p. 913."

And, as stated by the Court of Appeals of Kentucky, in the case of Clemons v. Meadows, 94 S. W., at page 14:

"A hotel is a quasi public institution."

In the case at bar the triple indemnity was payable "in consequence of the burning of any hotel while the insured is therein, * * *" and in our opinion the word "hotel," in its common usage and as meant and construed by the insured and insurance company, did not mean the bare building that was used for a hotel, but necessarily meant the entire equipment that goes in a building to make it a "hotel." A building is a necessary part of a hotel, but the furnishings and all equipment therein are as necessary to make a hotel as the building itself, and therefore the word "hotel" necessarily embraces the personal property that must be used therewith, including the bedding and heating facilities.

If the plaintiff in error had desired to limit its liability to the burning of the bare walls of a building or burning of a building occupied and used as a hotel, it could easily have done so in its policy; however, it did not do so, but provided for triple indemnity, "in consequence of the burning of any hotel. * * *"

However, the testimony in the case at bar, as heretofore set out, showed the woodwork was afire, as well as the bedding and clothing, as discovered by the witnesses immediately after the deceased ran out of said room on fire.

The Supreme Court of Illinois, in the case of Wilkinson v. Aetna Life Insurance Co., 240 Ill. 205, 88 N. E. 550, in construing a policy which provided for double indemnity for injuries sustained "in consequence of the burning of a building in which the insured shall be at the commencement of the fire," in the third paragraph of the syllabus, said:

"An accident policy providing for double indemnity if the insured receives fatal injuries 'in consequence of the burning of a building in which the insured shall be at the commencement of the fire,' covers a case where the fatal injuries were received by the insured from a fire in the contents of the building in which he was when the fire began, as well as from the burning of the building itself."

Section 5039, C. O. S. 1921, provides:

"A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful."

And in the case of United States Fidelity & Guaranty Co. v. Town of Comanche, 114

Okla. 237, 246 P. 238, this court, in the second paragraph of the syllabus thereof, said:

"The words used in a policy of insurance will be construed most strongly against the insurer, where the policy is so framed as to leave room for two constructions, and if the policy of insurance is susceptible of two constructions, that one is to be adopted which is the more favorable to the assured."

And in the case of King Auto Service v. Hodges, 143 Okla. 260, 288 P. 483, this court, in the second paragraph of the syllabus, said:

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn therefrom, are admitted. The court cannot weigh conflicting evidence, but must treat as withdrawn the evidence which is most favorable to the demurrant."

In the case at bar we are of the opinion that it was clearly one to be submitted to the jury, for the jury to pass upon the evidence, together with all inferences or conclusions which may be reasonably and logically drawn therefrom, and that the trial court did not commit error in overruling defendant's demurrer and in refusing the defendant's request for a peremptory instruction.

The next contention of plaintiff in error is that the court erred in refusing instructions requested by the defendant.

The first and third requested instructions were in the nature of peremptory instructions in favor of the defendant and for the reasons heretofore given were properly refused by the court.

The second requested instruction placed the burden upon plaintiff with reference to the triple indemnity provision of the court,

"* * * That the injury which effected the death of the deceased was caused by flames from the burning building or some part thereof * * *"

—which was fully covered by the court's instructions given to the jury. The court's instructions given to the jury were not excepted to by the defendant, and we think the instructions, taken as a whole, fairly presented the law of the case to the jury.

Plaintiff in error next contends that the judgment is contrary to the evidence and contrary to law.

It was agreed upon the trial that the deceased, who was the insured, died while the policy was in full force and effect, as a direct result of violent, external, and accidental means within the terms of the policy. The only question of contention was whether plaintiff was entitled to recover under the triple indemnity provision of the policy "in consequence of the burning of any hotel while the insured is therein. * * *" This was a question of fact for the jury to pass upon from the evidence, and all inferences or conclusions which they may reasonably and logically draw therefrom.

The evidence disclosed that an explosion occurred in the room of the deceased, that deceased soon thereafter ran out into the hall on fire, and when the witnesses, including the fire department, arrived, the window sills, woodwork, bedding, and clothing in the room were on fire, and that deceased died as a result of said burns; and from a careful reading of the record in this case, taking into consideration all inferences to be drawn from the evidence presented, we think the jury was justified in finding that the deceased received the injuries which caused her death in consequence of the burning of the hotel. This question having been submitted to the jury under proper instructions, and the jury having found against the contention of the defendant, the same will not be disturbed on appeal. Judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, SWINDALL, CULLISON, McNEILL, and KORNEGAY, JJ., concur. HEFNER and ANDREWS, JJ., absent.