## COMMONWEALTH CO. v. LOWENHAUPT et al.

No. 24623.     April 6, 1937.

W. E. Crowe, for plaintiff in error.

McKeever, Elam, Stewart & McKeever, for defendants in error.

PER CURIAM. This action was commenced in the district court of Garfield county, Okla., by the Commonwealth Company, as plaintiff, against Michael Lowenhaupt and Deborah Lowenhaupt, as defendants. The plaintiff sought to recover a brokerage commission which it alleged that it was entitled to under certain written agreements and memorandums with the defendants. The defendants filed a demurrer to the plaintiff's petition, which demurrer was sustained by the trial court, and thereupon an amended petition was filed, to which the defendants filed a motion to make more definite and certain. The motion was sustained by the court, and plaintiff filed its second amended petition, to which defendants filed a motion to make more definite and certain, which motion was sustained by the trial court, and thereupon plaintiff filed an amendment to its second amended petition, to which defendants filed a motion to make more definite and certain, which was sustained by the trial court. The plaintiff thereupon elected to stand upon its second amended petition and amendment thereto, and the defendants thereupon moved that the case be dismissed, which motion was sustained by the court and the cause was dismissed with prejudice. The plaintiff appealed and assigns as error the sustaining of the motion to make more definite and certain filed by the defendants requiring the plaintiff to make its second amended petition as amended more definite and certain and in dismissing said cause with prejudice. We shall continue to refer to the parties by their trial court designation.

The second amended petition as amended alleged that plaintiff is a real estate broker, and that the defendants employed plaintiff to sell a lease upon certain real estate in the city of Enid, Ok'a.; that the plaintiff performed its part of the agreement and produced a purchaser ready, willing, and able to buy said lease, and that the defendants failed and refused to complete the contract. The defendants filed a motion to make said second amended petition as amended more definite and certain by requiring the plaintiff to state whether or not the defendant Michael Lowenhaupt was authorized by Deborah Lowenhaupt to agree upon the lease form, which, as shown by the pleadings, was to have been satisfactory to the defendants, and further requiring the plaintiff to allege whether or not one Graham Magee, who is alleged to have been the representative of the prospective purchaser, had authority to agree upon said lease form on behalf of said prospective purchaser.

The primary question involved is whether the court abused its discretion in sustaining the motion to make the petition more definite and certain. A motion to make more definite and certain is addressed in a large measure to the sound discretion of the court, and a ruling thereon, in the absence of an abuse of such discretion that results prejudicially to the party complaining, will not be disturbed. Fox v. Fox, 117 Okla. 46, 245 P. 641; 6 Pl. & Pr. 280; Skelton v. Standard Inv. Co., 37 Okla. 82, 130 P. 562.

From the above rule the ruling of the court in such matters is not, and should not be disturbed by appellate courts unless there is an apparent abuse of discretion. In Skelton v. Standard Inv. Co., supra, the court said:

"It is very essential that trial courts be vested with discretion in passing upon such motions, for, owing to the frequent congestion of trial dockets, the fact of new and intricate questions and issues constantly and unexpectedly arising in the trial, and the usual lack of time in which to give such issues due deliberation, it is necessary that the pleader be required to state his cause of action or defense with such clearness and definiteness as to enable the court to perceive just what issues are to be tried. And an order requiring a petition to be made more definite and certain will not be reversed, where, on the face of the petition, there is a doubt as to the issues presented or whether a cause of action is stated or whether the defendant is charged with notice of what he is required to defend against."

We have searched the record, and we are unable to determine therefrom that the trial court abused its discretion in sustaining the motion to make more definite and certain, nor that to have complied with said motion would have prejudicially affected the rights of plaintiff.

We think the order of the court below sustaining the motion to make the petition more definite and certain was the exercise of a sound discretion, and it was authorized to dismiss the cause upon motion of the defendants when plaintiff refused to comply with said order. Section 418, Okla.

Stats. 1931. The statute does not, however, authorize the court to dismiss said cause with prejudice, and we think said cause should have been dismissed without prejudice to a future action thereon. See Langley v. Hamilton, 127 Okla. 35, 259 P. 575.

The order of the trial court should be reversed and said cause should be remanded, with instructions to dismiss the action without prejudice to a future action.

The Supreme Court acknowledges the aid of Attorneys Paul E. Taliaferro, Harry Campbell, and John B. Meserve in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Taliaferro, and approved by Mr. Campbell and Mr. Meserve, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion, as modified, was adopted.

OSBORN, C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.