## LOWDEN et al. v. JEFFERSON COUNTY, EXCISE BOARD.

No. 30774. Feb. 24, 1942.

*122 P. 2d 991.*

W. R. Bleakmore, W. L. Farmer, and Robert E. Lee, all of Oklahoma City, for plaintiffs in error.

John B. Hanna, County Atty., and Harley Ivey, Jr., Asst. County Atty., both of Waurika, and Mac Q. Williamson, Atty. Gen., and P. C. Lackey, Asst. Atty. Gen., for defendant in error.

WELCH, C. J. The tax herein levied depends upon the vote of the people of the school district, and upon section 10, art. 10, of the State Constitution for its validity. The sole question is whether, under the cited provisions of the Constitution, an additional levy may be made "for the purpose of erecting bleachers on the football field" of the school district when voted for that specific purpose. The quotation is taken from the proposition contained in the ballot used in the election.

The constitutional provision follows:

"For the purpose of erecting public buildings in . . . school districts, the rates of taxation herein limited, may be increased, when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and a majority of the qualified voters of such . . . school district, voting at such election shall vote therefor; Provided, That such increase shall not exceed five mills on the dollar of the assessed value of the taxable property in such county, city, or school district."

Protestant says:

"That the section plainly provides that the levy is voted for the purpose of 'erecting public buildings in . . . school districts' and that it does not authorize the building of football or baseball bleachers on a football field anywhere in the district."

The exact question has not been determined by this court, although protestant cites Oklahoma County Excise Board v. Kurn et al., 189 Okla. 203, 115 P. 2d 113, and Pottawatomie County Excise Board v. Standish Pipe Line Co. et al., 189 Okla. 201, 115 P. 2d 118, as tending to support its contention. It urges that the object of the present levy

is neither for repair of an old building, nor for equipment, nor is it for a public building.

The purpose as described in the ballot is well and commonly known. Webster's New International Dictionary (2d Ed.) defines "bleachers" as:

"A relatively low-priced seat for a spectator at sports or games, or the section or structure (originally roofless) containing such seats."

The activities obviously sought to be promoted are well within the recognized sphere of public school activities. See sections 6894, 6895, and 6896, O. S. 1931 (Title 70, sections 811, 812 and 813, O. S. 1941). The fact that the statute authorizes funds to be appropriated for maintenance of recreation places and playgrounds does not exclude resort to the method provided by section 10, art. 10, of the Constitution for the erection of buildings for any such proper school purpose.

Will the erection of such bleachers constitute the erection of a "building" within the meaning of section 10, art. 10, of the Constitution, supra?

With reference to the word "building," we find the following statement contained in 12 C.J.S. 378:

". . . that the term is comprehensive, generic, and, in its use, may be ambiguous, having no universal, inflexible meaning which will apply to all cases, but depending for its meaning upon the peculiar facts and circumstances of each particular case, the intention of parties or the aim of a particular statute. . . ."

The same text points out that the term "building" is sometimes construed in a "broad sense" and in other cases in a "narrow or restricted sense." Such construction is doubtless brought about by the facts and circumstances of the particular case and in consideration of the effort to rightly determine the sense and purpose of the statute or the meaning and intent of the parties. Therein, at page 380, appears the following with reference to the use of the word in its broad sense.

"It has been said that 'building,' in its broad or in its primary sense, refers merely to that which is built; that it comprises any edifice erected by the hand of man of natural materials, as wood or stone, brick or marble; and that it is susceptible without a violent interpretation of being construed as including many kinds of edifices and structures erected by man, which are not of the same general character as dwellings, stores, offices, or barns. The word has been defined or employed as meaning anything constructed; a thing built; or that which is built; and more specifically as an edifice for any use; an erection; a fabric built or constructed; a structure; a structure or a fabric built or constructed; any structure with walls and a roof; also a block of brick or stone work, covered in by a roof."

An application of such construction is to be found in Commercial Casualty Insurance Company of Newark, N. J., v. Adkisson, 152 Okla. 216, 4 P. 2d 50, an opinion by this court as found in the footnotes to the last above quotation. In that case we approved various definitions of the word "building" which, without doubt, are broad enough to support defendant in error's position here.

The provision of our Constitution under consideration is clearly a reservation to the people of the school district of the right to vote an additional tax levy for the purpose of erecting public buildings. The section contains no specific words indicating an intention to restrict the term "building" to any particular type of building or edifice or structure. It can scarcely be denied that its object was to provide a method for acquiring permanent improvements by a fund to be raised in addition to the current expense fund, and we find therein no implication which would warrant a construction other than that the right is reserved to construct any edifice of a permanent nature consonant with the recognized and proper object and purpose of the public schools.

We consider our views as above stated supported by the applicable portion of the quoted texts, the cases of Meyer v.

City of Cleveland et al., 35 Ohio App. 20, 171 N. E. 606; Alexander v. Phillips et al. (Ariz.) 254 P. 1056; Bent v. Jonet, 213 Wis. 635, 252 N. W. 290; Netler v. Scholtz, 282 Ky. 493, 138 S. W. 2d 951, and our own opinion in Commercial Casualty Ins. Co. v. Adkisson, supra.

The judgment of the Court of Tax Review is affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., dissents.