SCHOOL BUILDING FUND MONIES — USE FOR STADIUM LIGHTING Pursuant to 70 O.S. 1-20 [70-1-20] (1961) a school district may expend building fund monies to purchase and construct (install) lighting for a football stadium. The Attorney General has considered your letter dated April 8, 1971, wherein you ask the following question? "May a school district expend building fund monies to purchase and construct lighting for a new football stadium?" Title 70 O.S. 1-20 [70-1-20] (1970) provides in part as follows: "The building fund of any school district shall consist of all monies, and interest and profits therefrom, derived from proceeds of a building fund levy. . .and all monies derived from any such levy, regardless of when authorized or voted upon whether before or after such amendment, shall be deposited and kept in a single building fund in the district, which may be used for erecting, remodeling, or repairing school buildings, and for purchasing furniture, or for one or more, or all of such purposes. . ." (Emphasis added) Numerous opinions have been written and issued over recent years relating to the determination of lawful expenditures from the building fund of a particular school district. In one Attorney General Opinion (August 4, 1958), it was concluded that proceeds from a building fund levy could not lawfully be used to install lights for a school district baseball field. This opinion stated as follows: "It is believed that installation of lights for a baseball field are in the nature of a football field or track and equipment thereof, and that monies available for the erection of a public building cannot be used for such purpose; and that the installation of lights for a baseball field would also not be `remodeling or repairing school buildings' or `purchasing furniture.'" A building is a "school building" if it is designed to carry out a part of the institutional program authorized by the district, School Board of School District No. U2-20 JT. Multnomah County v. Fanning, 232 Or. 593, 377 P.2d 4 (1962). The Multonomah County case determined that a swimming pool was a school building within a statute authorizing a school district to contract bonded assessments to construct school buildings. Further, A football stadium has been determined to be a school building, Alexander v. Phillips, 31 Ariz. 503,254 P. 1056 (1928), Nichols v. Calhoun, 204 Miss. 291, 37 So.2d 313
(1948). Obviously, both a swimming pool and a football stadium are designed to carry out a part of the institutional program as authorized by the district (See Attorney General Opinion dated September 4, 1953, and April 21, 1951, and Lowden et al. v. Jefferson County Excise Board, 122 P.2d 991 Okl. 1942 and the construction of a field or track within the stadium would therein be included pursuant to such design. Section 1-20 specifically authorizes the use of building fund monies for erecting, remodeling, or repairing the school buildings, and for purchasing furniture. The term "furniture" includes that which furnishes or with which anything is furnished or supplied; whatever must be supplied to a house, a room, place of business, or public building, or the like, to make it habitable, convenient, or agreeable, Black's Law Dictionary 804 (4th Ed. 1951). In an opinion dated August 12, 1955, the Attorney General stated: "Words used in Article X, Section 10 of the Oklahoma Constitution, as amended, should be construed in their broad sense, and that so construed, the authority granted thereby to use the school district building fund therein provided for `erecting, remodeling, or repairing school buildings, and for purchasing furniture' includes authority to use said building fund for purchasing things of the following classes, either at the time the school building is erected or thereafter; that is, if the things so purchased are reasonably necessary for and consonant with the recognized and proper object and purpose of public schools: 1.Equipment which permanently becomes a part of the school building. 2. Equipment in the nature of `permanent furnishings' of the school buildings such as desks and chairs. 3. Movable chattels which furnish, fit, or equip the school buildings for school purposes. By way of example, this would include such things as typewriters, refrigerators, or sewing machines if reasonably necessary for and consonant with any legally authorized function of a school district." (Emphasis added) It is reasonable to conclude that "lights" would be logically classified as "equipment which permanently becomes a part of the school building," thus falling under the classification of furniture"; more specifically, the erecting, remodeling, or repairing of school buildings would include the purchasing and installation of any necessary "lighting." Therefore, the erecting, remodeling, or repairing of a football stadium would also necessarily include the purchasing and installation of "lighting." It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Pursuant to 70 O.S. 1-20 [70-1-20] (1961), a school district may expend building fund monies to purchase and construct (install) lighting for a football stadium. This opinion specifically and directly overrules and withdraws Attorney General Opinion dated August 4, 1958, in total and Attorney General Opinion dated April 21, 1951, only inasmuch as it relates to the construction of a football field and track. (Larry L. French)