Dear Senate Taylor,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
 Do Article X, Section 10 of the Oklahoma Constitution and 70 O.S. 1-118 (1981) permit the use of monies from a local school district's building fund for the acquisition, design, construction, and maintenance of a school building parking lot?
¶ 1 The creation of building funds for local school districts is authorized by Article X, Section 10 of the Oklahoma Constitution which provides, in part:
 For the purpose of erecting public buildings in counties or cities, or for the purpose of raising money for a building fund for a school district which may be used for erecting, remodeling or repairing school buildings, and for purchasing furniture, the rates of taxation herein limited may be increased.
(Emphasis added).
¶ 2 The specific statutory authority for the building fund is found at 70 O.S. 1-118 (1981), which provides:
 The building fund of any school district shall consist of all monies derived from the proceeds of a building fund levy of not to exceed five (5) mills in any year, voted by the people of a school district pursuant to the provisions of Article X, Section 10, of the Oklahoma Constitution, and may be used for erecting, remodeling or repairing school buildings, and for purchasing furniture or for one or more, or all, of such purposes. Proceeds of such levies shall not be required to be used during the year for which a levy is made but may accumulate from year to year until adequate for the purposes intended. The building fund hereinabove defined is hereby declared to be a current expense fund, but shall not be considered a part of the general operating fund.
(Emphasis supplied).
¶ 3 The operative question raised by your inquiry is whether the meaning of the term "building," as utilized in 70 O.S.1-118, extends to school building parking lots. It is important to note, as a preliminary matter, that local school districts must have the statutory authority to undertake the activities contemplated in your question. In this instance the requisite authority is found at 70 O.S. 5-117(3), 70 O.S. 5-117(7), and70 O.S. 5-117(13) (1988). The views expressed herein assume, as your question implies, that the parking lots to be constructed are associated with the district's school buildings.
¶ 4 There can be little doubt that the Constitutional framers and the Legislature intended that the term "building" be given an expansive definition. This proposition of law was stated succinctly by the Oklahoma Supreme Court in Lowden v. JeffersonCounty Excise Board, 122 P.2d 991, 992 (Okla. 1942).
 The term "public building" as used in Article X, Section 10 of the State Constitution is used in a broad sense and is sufficient to authorize the people of a school district to vote an extra tax levy for the purpose of raising a fund to erect "bleachers on the football field" which the school district is authorized to maintain.
Syllabus by the Court (emphasis supplied).
¶ 5 Other decisions of the Supreme Court, both before and afterLowden, have been faithful to this principle. In OklahomaCounty Excise Bd. v. Kurn, 115 P.2d 113 (Okla. 1941), for example, the Court found an implied authorization in Article X, Section 10 to utilize building fund monies to furnish school buildings with desks and chairs. (This Constitutional provision was modified in 1955 to expressly permit expenditures for furniture.) The implied powers approach applied in Kurn
supports the conclusion that land acquisition and building design costs, if associated with and ancillary to otherwise lawful building fund projects, are lawful. See also, Pushmataha County,Oklahoma, Excise Board v. St. Louis-San Francisco RailwayCompany, 354 P.2d 404 (Okla. 1960) (dicta). Subsequent Opinions of several Attorneys General have been faithful to the Lowden
approach. The use of building fund monies has been approved for the lighting of athletic fields, A.G. Opin. No. 71-244; for the payment of janitorial salaries related to the maintenance of school buildings, A.G. Opin. No. 74-273; and for payment of premiums for fire and casualty insurance for the district's buildings, A.G. Opin. No. 87-049.
¶ 6 With this uniformly broad approach to the question of what constitutes a building in mind, we must now determine whether school parking lots are buildings within the intendment of Article X, Section 10 and 70 O.S. 1-118 (1981). We note that inLowden, our Supreme Court quoted extensively, and with approval, from the broad definition of building found in the legal encyclopedia, Corpus Juris Secundum:
 It has been said that "building," in its broad or in its primary sense, refers merely to that which is built; that it comprises any edifice erected by the hand of man of natural materials, as wood or stone, brick or marble; and that it is susceptible without a violent interpretation of being construed as including many kinds of edifices and structures erected by man, which are not of the same general character as dwellings, stores, offices, or barns. The word has been defined or employed as meaning anything constructed; a thing built; or that which is built; and more specifically as an edifice for any use; an erection; a fabric built or constructed; a structure; a structure or a fabric built or constructed; any structure with walls and a roof; also a block of brick or stone work, covered in by a roof.
12 CJS 380, quoted in Lowden, 122 P.2d at p. 993 (emphasis supplied).
¶ 7 There can be little doubt that this definition is sufficiently broad, especially when viewed in light of the implied power rationale utilized in the Kurn case, to include the activities encompassed by your question.
¶ 8 The jurisprudence of numerous other jurisdictions is consistent with the uniform result of the Oklahoma decisions cited above. Petition of Sch. Bd. of Sch. Dist. No. U2-20 Jt.,377 P.2d 4, 6, n. 4 (Ore. 1962).
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that Article X, Section 10 of the Oklahoma Constitutionand 70 O.S. 1-118 (1981) permit the use of monies from alocal school district's building fund for the acquisition,design, construction, and maintenance of a school buildingparking lot.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
NED BASTOW ASSISTANT ATTORNEY GENERAL CHIEF, GENERAL COUNSEL DIVISION