**COOK, Adm'r, v. SEARCH et al.**

No. 11342—Opinion Filed Oct. 23, 1923.

Rehearing Denied June 17, 1924.

1. **Dismissal—Power of District Court — Noncompliance with Orders.**

The court may dismiss a case without prejudice for failure or refusal of the plaintiff to comply with a proper order concerning the proceedings in the action. Section 5125, Revised Laws 1910.

2. **Same—Failure to File Amended Petition.**

Where the trial court sustained a motion to strike and ordered the filing of an amended petition, and plaintiff refuses to comply with said order after full opportunity so to do, the trial court is authorized to dismiss said action without prejudice for disobedience by the plaintiff of an order concerning the proceedings in the action.

3. **Same.**

Record examined, and held, that the trial court did not abuse its discretion in dismissing an action without prejudice for disobedience by plaintiff of an order concerning the proceedings.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pottawatomie County; John L. Coffman, Judge.

Action by R. W. Cook, as administrator of the estate of Enos Nichols, deceased, against W. S. Search and the Equitable Insurance Company. From a judgment dismissing plaintiff's petition, plaintiff brings error. Affirmed.

T. G. Cutlip and W. S. Pendleton, for plaintiff in error

Goode & Dierker, for defendants in error.

Opinion by LYONS, C. Cook, administrator of the estate of Nichols, deceased, brought suit in the court below against Search, defendant, who had acted as special administrator of the estate of Nichols, deceased, and against the Equitable Surety Company as Search's official surety, to recover the sum of $7,100 which it is alleged belonged to the estate and was retained by Search. It appears that Search retained this sum as administrator's fees and allowance to the counsel for the special administrator, under the order of the county court in which the administration proceedings were pending.

A contention is made that the petition fails to state facts sufficient to constitute the cause of action. For reasons which are hereafter apparent, it is not necessary for us to pass on this question.

It appears that the court below sustained a motion to strike certain allegations of the petition, and that the order of court was not complied with by plaintiff. Thereafter the court allowed time for a compliance with the court's order, making a further order that the petition should

stand dismissed in the event the court's order was not obeyed. The plaintiff refused to obey the order of the court, and thereupon the court made an order striking the petition from the files and dismissing the action for failure to comply with the order of the court, pursuant to section 5125, Rev. Laws 1910.

This section is in part as follows:

"An action may be dismissed without prejudice to a future action. * * * Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action."

In the case of McBride v. Cowan, 80 Okla. 72, 194 Pac. 208, this section was considered by this court and it was held that the trial court had power to dismiss plaintiff's cause of action upon the grounds. enumerated in said section 5125, supra, The court, however. in that case held that the record failed to show that the defendant had disobeyed any of the orders of the court concerning the proceedings.

In the instant case it is clear from an examination of the record that the plaintiff refused to obey an order of the court, and it is plaintiff's contention that he was justified in such refusal, for the reason that the order of the court striking certain portions of the petition was erroneous. It is our view that we cannot examine this contention of the plaintiff, and that the correct rule is set forth in the case of Craft Refrigerator Machine Co. v. Quinnipiac Brewing Company, 63 Conn. 551, 29 Atl. 76, 25 L. R. A. 856. In the opinion the court says:

"The error of the trial court was therefore committed in the exercise of its legitimate jurisdiction, and it was incumbent upon the plaintiff to obey the order, or abide the consequences. * * * It is not for him to refuse obedience to such an order because he deems it erroneous, or because it is erroneous. Until revoked or reversed, it is the law of the case. He can take his exceptions, but such exception will not suspend the course of justice. The order will still remain in force and must be obeyed, or the suit dismissed, if the authority of the court and the dignity of the state which it represents are to be maintained."

No abuse of discretion of the trial court is disclosed by the record in this case. The court must have power to enforce its orders. The plaintiff could have saved his exception to the court's ruling on the motion to strike, filed his amended petition in conformity with the court's order, and preserved all of his rights. The dismissal is

without prejudice under the express terms of section 5125, supra.

There is some question as to whether the order of the court is an appealable order. See Craft Refrigerator Machine Co. v. Quinnipiac Brewery Company, supra. However, it is not necessary for us to determine this question on this appeal.

Finding no error in the record, the judgment of the lower court is affirmed.

By the Court: It is so ordered.