LANGLEY v. HAMILTON.

No. 17625. Opinion Filed Sept. 20, 1927.

(Syllabus.)

1. Dismissal—Dismissal by Court for Noncompliance with Orders.

The court may dismiss a case, without prejudice, for failure or refusal of the plaintiff to comply with a proper order concerning the proceedings in the action. Section 664, C. O. S. 1921.

2. Same—Refusal of Plaintiff to Comply with Order to Make Petition More Definite and Certain.

Where the trial court sustained a motion to make the petition more definite and certain, and the plaintiff refuses to comply with said order, and announces in open court that he will stand on the pleading, the trial court is authorized to dismiss the action, without prejudice, for disobedience by the plaintiff

of an order concerning the proceedings in the action.

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by L. M. Langley against Wm. S. Hamilton et al. Appeal from an order dismissing petition. Affirmed.

Twyford & Smith, Leo G. Mann, and Edward A. Jacobson, for plaintiff in error.

Hamilton, Gross & Howard, for defendant in error.

DIFFENDAFFER, C. This is an action brought against the defendant and 51 others for the foreclosure of alleged tax liens on 27 separate tracts or lots of land in Osage county. The action is brought under the provisions of chapter 12, Session Laws 1925. The petition in part is as follows:

"Comes now the above-named plaintiff, and for 16 causes of action against each of the defendants named in the caption hereof, states:

"That said plaintiff is the owner and holder (through due and legal assignments, purchases and deliveries) of the hereafter described tax certificates, executed and issued on the 5th day of November, 1923, by Leander Dixon, as county treasurer of Osage county, Okla., to W. C. Foster, in consideration of the full payment of the taxes, interest, penalties, and charges for which said certificates were issued and sold as aforesaid to said W. C. Foster (who thereafter on the ―― day of ―― 19―, in writing assigned each of said certificates to the plaintiff) as shown by plaintiff's exhibit 'A' hereto attached and made a part hereof, which, with the exception of the amounts, dates and descriptions, constitutes an exact copy of each of said certificates, together with the amount of subsequent taxes paid thereon and the date of such payment and the amount thereof paid by plaintiff (and his assignor) and description of the real estate in each of said causes of action as follows, to wit:

| Causes of Action | No. of Cert. | Amt. Pd. for Cert. | Amt. Sub. Tax Pd. | Date Sub. Pd. | Description of Real Estate |
|---|---|---|---|---|---|
| | | | | | Sec. Twp. R. |
| 1. | 21447 | 14.57 | | | N½N.W.¼ 25 24 11. |

"(Here follows description and number of 22 other certificates and tracts of land, together with amount and date of payment of subsequent taxes on some 13 thereof.)

"That the records of the county clerk and court clerk of said county, show that the defendants named in the caption of this petition have or claim some right, title, interest, tax or assessment in and to the real estate described herein in each of said causes

of action, the exact nature of which is unknown to plaintiff but which constitutes a cloud on plaintiff's title, but plaintiff states that same is junior and inferior to the lien and title of plaintiff."

To the petition was attached a copy of county treasurer's certificate of tax sales, No. 21405, dated November 5, 1923, describing the S. W.¼, sec. 13, twp. 23, range 10, which tract is not described in any of the certificates described and numbered in the petition, together with indorsement thereon of payment of additional taxes.

On December 21, 1925, defendant, Wm. S. Hamilton, filed a motion to make more definite and certain, as follows:

"Comes now Wm. S. Hamilton and shows to the court the following state of facts and asks the court for the relief hereinafter outlined.

"1. That summons in this case was served on this movant; that one of the parties named defendant in the above-entitled cause of action is W. S. Hamilton; that this movant's name which he always uses in business transactions is Wm. S. Hamilton, but that he is many times referred to as W. S. Hamilton, and that summons was served upon him in this cause of action.

"2. That the petition filed herein described 27 different tracts of real estate in Osage county, Okla.; that there is a general blanket clause in said petition saying that the defendants, including W. S. Hamilton, claim some right, title, and interest in and to said tracts of land, or one of them, that the movant does not know why his name was used as one of the defendants herein; he does not recall whether or not he has ever been connected with any of the tracts of land set forth in plaintiff's petition; that he does not want to file a disclaimer, neither does he want to file an answer herein until he is furnished with sufficient information to know why he was named defendant herein, or to know whether or not he is the party who was intended to be named as defendant; that he does not care to go to the expense and trouble of examining the title of 27 tracts of land in this county in order to know why his name was used as a defendant herein.

"3. For the reasons hereinbefore set forth this movant asks the court to require the plaintiff to make his petition more specific, definite and certain in the following respects, to wit:

"(a) That the said petition show in which of the said 27 tracts of land this movant is supposed to own an interest.

"(b) That the said petition set forth the nature of the interest which this movant is supposed to have in the said tract of land.

"(c) That the said petition set forth

copies of whatever instruments purport to show an interest on the part of this movant in said land.

"Wherefore, movant asks the court to require the plaintiff to make his petition more specific, definite and certain in order to cover the above three requests."

A number of the other defendants filed similar motion, containing the request as made by Wm. S. Hamilton in subdivision (a) of paragraph 3 in his motion.

On January 4, 1926, the court sustained the motion of defendant, Hamilton, in part as follows:

"It is therefore ordered, adjudged and decreed by the court that the motion of the defendant, Wm. S. Hamilton, to require the plaintiff to make his petition more specific, definite, and certain, be sustained in that the plaintiff be required to describe in which one of the 27 tracts of land or real estate the said Wm. S. Hamilton is alleged to claim some right, title, interest, or estate, to which order of the court the plaintiff excepts and his exceptions are allowed."

The motion was overruled as to all other parts. Plaintiff thereafter, on January 7th, filed a request to reconsider the order sustaining defendant's motion, which request was denied, and the journal entry of the court denying this request then reads:

"It is therefore ordered, adjudged, and decreed by the court, that the motion to reconsider be denied, and the same is hereby overruled and denied, to which action of the court plaintiff excepts. The plaintiff announces in open court that he will stand on his present pleadings and refuses to plead further. On said announcement being made by the plaintiff, on motion by the attorney for the defendant, Wm. S. Hamilton, plaintiff's action and suit is dismissed for his refusal to comply with the order of the court and his refusal to plead further."

From order and judgment, plaintiff brings this appeal.

Plaintiff assigns four specifications of errors, but argues them all under one proposition:

"The court erred in sustaining defendant's motion to make plaintiff's petition more definite and certain by stating in which one of the tracts described in the petition defendant was claiming some interest, and in dismissing plaintiff's action for refusal to plead further."

The single question then before us is: Did the trial court commit reversible error?

The plaintiff in his brief says that the action of the court in sustaining the motion was error, for the reason that it was taken "in spite of the allegations of plaintiff's petition that she did not know just what interest the defendant owned or claimed in the land."

The court did not request plaintiff to so amend her petition as to set out what interest defendant owned or claimed, but to set out what land the plaintiff claimed the records of the office of the county clerk and court clerk showed that this defendant had an interest in. It will be observed that the act requires that every person having an interest in the land, as shown by the records in the office of the county clerk and court clerk, shall be made a party. It is fair to assume that the only reason defendant, Hamilton, was made a party was that the records of said officers or one of them showed that defendant, Hamilton, had some interest in the land involved or some part thereof. It was necessary that this interest be shown to the court at some stage of the proceeding before any proper judgment could be entered against said defendant. It will be observed that the statute referred to provides that all proceedings, so far as applicable and not inconsistent with the provisions of the act, shall be the same as are provided by law for the foreclosure of mortgages on real estate. We think, therefore, that it was the intention of the Legislature to provide that the holder of such tax sale certificates in such proceeding should have a judgment foreclosing his lien for each particular tract, and that the owner of that particular tract might, at any time before confirmation of sale, redeem his land by paying the amount of the judgment, costs, etc., the same as is provided by law in foreclosure of mortgage on real estate. We do not see that the order of the court was unreasonable or beyond the discretion given by law to the court in such matters.

It is contended by plaintiff that the general allegation that the records of the county clerk and court clerk of said county show that the defendants named in the caption of her petition have or claim some right, title, interest, tax or assessment in and to the real estate described in each of said causes of action, the exact nature of which is unknown to plaintiff but which constitute a cloud in plaintiff's title, and is junior and inferior to the lien of plaintiff, is sufficient and casts the burden upon such defendant to come in and assert his interest or claim and set the same out. This allegation, we think, was good as against a general demurrer, but it is not every pleading good as against a demurrer that may not be properly attacked by

motion to make more definite and certain. See Rehkamp v. Martin et al. (Ky.) 247 S. W. 1115.

Section 298, C. O. S. 1921, provides:

"If redundant or irrelevant matter be inserted in any pleading, it may be stricken out, on motion of the party prejudiced thereby; and when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

By this section the court may order stricken redundant and irrelevant matter inserted in pleadings only on motion of the party prejudiced thereby, but when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleadings to be made definite and certain by amendment. This, as a rule, is only done on motion, but we think the court would have the power to order the amendment of its own motion. Here it is apparent that the petition does not give the defendant that definite, certain information that would inform him what particular tract of land the records of the office of the court clerk and county clerk showed this defendant had an interest in, and upon which plaintiff claimed a lien. As was said in Rehkamp v. Martin et al., supra, the amendment could have been made by plaintiff to the advantage of the court in which the case was to be tried, the defendant, and herself. True, the plaintiff stated that it was impossible for him to comply with the order, but all that was called for was what was shown from the records of the office of the county clerk and court clerk. We do not understand just why the plaintiff made defendant, Hamilton, a party, unless the records of either the county clerk or court clerk showed he had some interest in the land or some part thereof. If the record showed an interest in all the land, plaintiff could have told the court so. Instead, she chose to say that it was impossible for her to comply with the order of the court. Plaintiff having declined to plead further, then did the court err in dismissing the cause? This question, we think, has been decided against plaintiff in this state. In Cook v. Search et al., 100 Okla. 45, 226 Pac. 1039, it was held:

"The court may dismiss a case without prejudice for failure or refusal of the plaintiff to comply with a proper order concerning the proceedings in the action. Section 5125, Revised Laws 1910."

It is true that in that case the question arose on a motion to strike, but the authority therefor was under the fifth subdivision of section 664, C. O. S. 1921, which provides:

"An action may be dismissed, without prejudice to a future action: * * * Fifth, by the court for disobedience by the plaintiff of an order concerning the proceedings in the action."

In Cook v. Search et al., supra, the following language from Craft Refrigerating Machine Co. v. Quinnipiac Brewing Co. (Conn.) 29 Atl. 76, is quoted with approval:

"The error of the trial court was therefore committed in the exercise of its legitimate jurisdiction, and it was incumbent upon the plaintiff to obey the order, or abide the consequences. * * * It is not for him to refuse obedience to such an order because he deems it erroneous or because it is erroneous. Until revoked or reversed, it is the law of the case. He can take his exceptions, but such exception will not suspend the course of justice. The order will still remain in force and must be obeyed, or the suit dismissed, if the authority of the court and the dignity of the state which it represents are to be maintained."

And concluding, this court said:

"No abuse of discretion of the trial court is disclosed by the record in this case. The court must have power to enforce its orders. The plaintiff could have saved his exception to the court's ruling on the motion to strike, filed his amended petition in conformity with the court's order, and preserved all of his rights. The dismissal is without prejudice under the express terms of section 5125, supra."

In Sherwin Williams Paint Co. v. Feld Bros. & Co. (Miss.) 103 South. 795, in a case involving the refusal of a plaintiff to comply with an order of the court to make its petition more definite and certain, as here, it was held proper for the court to grant a nonsuit. In Citizens Ins. Co. of Missouri v. Etchen (Kan.) 207 Pac. 782, it was held:

"When an amended answer which does not conform to the order of the court as to definiteness and certainty is filed out of time, and is properly stricken from the files, defendant is in default, and no error is committed in entering judgment against him."

The dismissal in this case is without prejudice. There being no prejudicial error, the judgment should be affirmed.

TEEHEE, HERR, HALL, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 18 C. J. p. 1181, §90; 9 R. C. L. 204. (2) 18 C. J. p. 1181, §90 (Anno); 31 Cyc. p. 651.