This is an appeal from an order made May 27, 1949, by the Hudson County Court, Law Division, dismissing the counterclaim filed by the defendant and ordering that the dismissal shall operate as an adjudication on the merits. The ground recited for this action was failure of defendant to furnish a more specific bill of particulars.
Plaintiff commenced an action against the defendant in the former Hudson County Court of Common Pleas for the return of certain monies, which defendant is alleged to have held in escrow, and also for damages allegedly sustained by plaintiff because of defendant's alleged failure to perform certain services which he, as an attorney, agreed to perform.
The defendant filed an answer and counterclaim. His counterclaim was based (1) upon a claim for the reasonable value of services rendered by defendant to plaintiff, and (2) upon an alleged agreement by plaintiff to pay defendant for additional professional services rendered.
On February 13, 1948, plaintiff served defendant with a demand for a bill of particulars. On May 10, 1948, plaintiff served on defendant a notice of motion for an order requiring defendant to furnish the bill of particulars, and for an order barring defendant from all claims under the counterclaim in default thereof. The return date of said motion was postponed until June 4, 1948.
On June 3, 1948, however, defendant served plaintiff with a bill of particulars. On June 8th, defendant by written stipulation agreed to furnish a more specific bill of particulars. When this was not furnished, plaintiff made another motion to strike the counterclaim. The court below at first granted the motion and ordered the counterclaim stricken, but later modified the order by allowing seven days for the filing of supplemental particulars.
Thereafter, defendant filed the additional particulars, which both plaintiff and the court below felt were insufficient. After argument, the court below rendered a written opinion granting the motion to strike the counterclaim and ordering that the dismissal shall operate as an adjudication on the merits. *Page 309 
It is from this order, dated May 27, 1949, that defendant appeals.
Although defendant's conduct persuaded the judge below that he was guilty of "deliberate evasion or downright refusal," as stated in his opinion, we feel that the order striking the defendant's counterclaim for failure of defendant to furnish plaintiff with adequate particulars was not warranted, in view of plaintiff's remedies.
It cannot be doubted that the new rules of Civil Practice are applicable to the case under consideration, even though the case originated under the rules formerly in existence.
Rule 3:12-5 provides in substance that a party may obtain a more definite statement where the pleading of the other party is so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading. Bills of particulars are superseded by this rule.
While it is true that the court may in its discretion strike the pleading to which a motion is addressed, if the party does not obey the order of the court, such discretion may not be exercised except where justice so requires.
In the instant case, defendant did not refuse to obey the order of the court, but did in fact furnish supplemental particulars. It cannot be said, that because the court felt these particulars inadequate for plaintiff's purposes, that the defendant deliberately withheld the information sought. He may have felt that he was fulfilling the order of the court.
The new rules were designed for the purpose of liberalizing our former practice and were not designed to hamper justice.
If the plaintiff felt that the information elicited was not sufficient for his purposes, he had ample other means to secure the additional information. He could have examined the defendant orally under Rule 3:26-1 et seq., or he could have served upon defendant successive sets of interrogatories under Rule
3:33. He could also have applied for an order permitting him to inspect and make copies of documents in defendant's possession under Rule 3:34-1. All of these methods are made available to the plaintiff under our liberal discovery rules. *Page 310 
We also feel that even if the court below were justified in dismissing defendant's counterclaim, such dismissal should not have been "on the merits," but should have been without prejudice.
There was at no time any real adjudication of the merits of this case. To deny the defendant the right to be heard on the merits of his case, under the circumstances present herein, would be an undeniable hardship which our system of jurisprudence cannot permit.
A dismissal should ordinarily be without prejudice unless it is based on matters going to the merits.
In Momand v. Paramount Publix Corp. et al., 88 F.2d 578
(C.C.A. 10th 1937), the court stated:
"Since it appears that the dismissal was because of failure to comply with the court's order and was not based on matters going to the merits, the dismissal should have been without prejudice.Langley v. Hamilton, 127 Okla. 35, 259 P. 575."
In that case, the plaintiff refused in open court to amend his pleading and give a more definite statement. No such refusal appears in the instant case.
The order under review is reversed.