Lewis J. LARCADE and Theresa Ann
Larcade, Plaintiffs in Error,

v.

Robert CULBERT, George W. White and
George W. White as the duly appointed or
elected and acting Justice of the Peace for
District No. 3, Tulsa County, Oklahoma,
and H. L. White as Constable for District
No. 3, Tulsa County, Oklahoma, Defend-
ants in Error.

No. 37755.

Supreme Court of Oklahoma.

April 15, 1958.

Rehearing Denied June 10, 1958.

Norman Barker, Tulsa, for plaintiffs in error.

Sanders & McElroy, Tulsa, for defendants in error.

JOHNSON, Justice.

Lewis J. Larcade and Theresa Ann Larcade as plaintiffs brought an action against Robert Culbert, George W. White and H. L. White for conversion of personal property. The trial court ordered the case dismissed without prejudice and sustained separate demurrers of defendants George W. White and Robert Culbert, and plaintiffs appeal. Reference to the parties will be by their trial court designation unless referred to by name.

The record discloses that plaintiffs filed a petition which the court ordered plaintiffs to amend by striking certain parts and make more definite and certain. Thereupon plaintiffs filed an amended petition in which it is alleged Culbert filed an action in the justice of the peace court of George White against plaintiffs for $156 and George White caused H. L. White, his wife, to attempt to serve a summons; that the summons was void; that a notice by publication was published, and the notice was void for the reason that it did not run in the name of the State of Oklahoma, was not signed by the justice of the peace and did not have the seal of the court thereon. Plaintiffs alleged that personal property to the approximate value of $6,000, consisting of household effects, was converted and prayed for actual damages and punitive damages. The defendants filed a motion to strike and a motion to make more definite and certain, and Robert Culbert and George W. White filed separate demurrers. The trial court ordered a portion of the amended petition stricken and ordered plaintiffs to make certain parts thereof more definite and certain. The plaintiffs refused to comply with the order to strike and make more definite and certain and stated that they elected to stand upon the amended petition. The trial court then made the following order:

"Defendant's motion to strike and in the alternative to make more definite

and certain was duly heard upon proper setting and that upon consideration of the premises and after argument of counsel for the parties, was sustained by the Court and the plaintiff is directed to comply therewith that in conjunction therewith the defendants' motion to make the petition more definite and certain was heard after proper setting and after consideration of the premises and argument by counsel said motion to make more definite and certain was sustained and the plaintiffs are directed and ordered to make their petition more definite and certain in the particulars set forth therein, to which orders and ruling of the court the plaintiffs did make their exceptions in open court which exceptions are noted by the court; the plaintiffs did thereupon in open court announce that they elected to stand on the petition as pled and did decline and refuse to amend the petition further and did not desire time within which to file an amendment to the petition; the case was thereupon ordered dismissed without prejudice and the demurrers of the defendants and each of them were thereupon sustained by this court upon and after consideration of the premises, and upon refusal of the plaintiffs to amend their petition as directed and upon their election to stand upon the petition as pled, the court did then and there order and direct that the case be and it was thereby and by those presents dismissed without prejudice on plaintiffs' election to stand on the amended petition as filed, to which ruling and order of the court dismissing the case, the plaintiffs did note their exceptions which exceptions were allowed and the plaintiffs did thereupon give notice in open court of their intention to appeal to the Supreme Court of the State of Oklahoma, and did ask that said notice be noted on the proper docket of this court, and that an extension of time be allowed for preparing, making and serving of case-made;

and that it was so ordered by the court that 60/10/5 be allowed to prepare and serve case-made, suggest amendments, and settle the same."

The plaintiffs attached to their petition the following notice by publication:

"June 23, 1955
"Robert Culbert
"3359 N. Lansing Place
        v.
"Lewis J. and Therisa Ann Larcade
"5414 Sand Springs Road
"Tulsa, Oklahoma
    "Lewis J. and Therisa Ann Larcade take notice.
    "Robert Culbert, Plaintiff, has filed suit for $156.00 and court costs June 20, 1955 in Justice Court District No. 3, Tulsa County, Oklahoma before George W. White, 7839 E. 34th St. North, Justice of the Peace. Said amount due plaintiff on loan.
    "Defendants Lewis J. and Therisa Ann Larcade must answer on or or before August 2, 1955 at 10:00 A.M. or said petition will be taken as true and judgement awarded against defendants.
"(Seal)"

                    Robert Culbert"

■ The above notice by publication and judgment and execution based thereon are void because the action was not shown to be one in which service by publication in lieu of personal service by summons was authorized under 12 O.S.1951 Secs. 170 and 171, or 39 O.S.1951 Sec. 321 et seq. In the absence of such showing, service by publication in lieu of personal service will not constitute a legal basis for rendering a judgment in personam, that is, a judgment against a particular person, as distinguished from a judgment against a thing or a right or status. Friedman v. First National Bank of Cleveland, 39 Okl. 486, 135 P. 1069, 49 L.R.A.,N.S., 548; Martin v. Federal Motor Co., 89 Okl. 273, 215 P. 737. See also Walters v. Weaver, 204 Okl. 72, 226 P.2d 931, and cited cases.

The defendants argue that the trial court was exercising its judicial power and control of the case and that the order of dismissal must be sustained under the following cases: Cook v. Search, 100 Okl. 45, 226 P. 1039; Langley v. Hamilton, 127 Okl. 35, 259 P. 575, and Commonwealth Co. v. Lowenhaupt, 179 Okl. 557, 66 P.2d 1064. We do not agree. The orders of dismissal in these cases were made solely because the pleader refused to comply with the court's judicial order and were apparently made in an effort to control orderly judicial proceedings, and not for determining the case as it then stood on the pleadings as in the instant case.

■ We are of the opinion and hold that the rule announced in Cook v. Search, supra, and related cases does not apply in the instant case. The trial court herein did not assign as the sole reason for the dismissal a refusal to obey the order of the court. When the entire order is read, it is not apparent that it was made in an effort to control orderly judicial proceedings. It would appear that in passing on the demurrers the trial court was determining the case, as it then stood, on the pleadings. When the court sustained the demurrers of the defendants, the court erred as a matter of law because the petition stated a cause of action by alleging the unlawful conversion of plaintiffs' property by reason of void court proceedings which were based on a void notice by publication, resulting in a void judgment.

The foregoing disposes of all the issues presented to this Court in this appeal, and the cause is reversed and remanded to the trial court with directions to vacate the order and reinstate the case for further proceedings not inconsistent with the views herein expressed.

A suggestion of death has been filed under date of December 11, 1957, stating that George W. White departed this life the 23rd day of May, 1957, and the cause was revived as to him in the name of his administratrix, Helen L. White.

Reversed and remanded with directions.