111 N.J. Super. 337 (1970)
268 A.2d 321
ELISE SCHLOSSER, AN INFANT BY HER GUARDIAN AD LITEM, DON SCHLOSSER AND DON SCHLOSSER AND JEANNE SCHLOSSER, PLAINTIFFS,
v.
ARTHUR KRAGEN, WILLIAM SPENCER AND THE HOSPITAL CENTER AT ORANGE, ORANGE MEMORIAL HOSPITAL, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 7, 1970.
*338 Mr. Ralph G. Conte for plaintiffs, (Messrs. Freeman & Bass, attorneys).
Mr. William D. Jones for defendant William Spencer (Messrs. Stryker, Tams & Dill, attorneys).
Mr. Milton Gurny for defendant, Arthur Kragen, (Messrs. Zucker, Lowenstein, Gurny & Zucker, attorneys).
Mr. Wilbur A. Stevens for defendant The Hospital Center at Orange, Orange Memorial Hospital (Messrs. Stevens and Mathias, attorneys).
GIULIANO, A.J.S.C.
This is a medical malpractice action brought by infant plaintiff Elise Schlosser and her mother Jeanne Schlosser, who had been the patient of defendant Dr. Arthur Kragen prior and subsequent to the infant's birth. The suit is against Dr. Kragen, The Hospital Center at Orange and Dr. William Spencer, a member of the staff at The Hospital Center at Orange. The complaint, filed on December 7, 1966, alleges injury to plaintiffs resulting from the pre-natal and post-natal care given by defendants during the late Spring of 1965.
*339 This matter comes before the court on a motion to restore this action to the active trial list. The complaint was dismissed on October 18, 1967 for failure to answer interrogatories pursuant to then R.R. 4:23-6(e) [now R. 4:23-5(a)].
On December 9, 1969 the attorneys for plaintiffs filed a notice of motion returnable December 19, 1969 to restore this action to the active trial list. The motion to restore was filed by the attorneys for plaintiffs more than 25 months after the order of dismissal. At the argument of the motion it was represented to the court that the main claim in the action was by an infant. The representation was made by Irwin L. Facher, attorney for defendant Dr. Arthur Kragen. This representation was not disputed by the attorney for plaintiffs. Upon that representation this court denied the application to restore the action to the active trial list since the infant could not have been prejudiced by the statute of limitations.
Subsequently, the attorneys for plaintiffs became aware that due to their inadvertence they had failed to advise the court at the hearing of December 19, 1969 that, in addition to the infant's claim, there was also a claim on behalf of an adult plaintiff. Plaintiffs' attorneys filed a new complaint on behalf of the adult and infant claimants. Defendants then moved to dismiss the claims of the adult plaintiffs on the ground that the claims were barred by the statute of limitations. Upon receipt of the motion to dismiss the adult claims, the attorneys for plaintiffs filed this motion to restore the original action to the active trial list. The motion to dismiss the claims of the adult plaintiffs has been adjourned pending the decision of his motion to restore the original action to the active trial list.
Preliminarily, it is to be noted that due to the confusion of the attorneys as to plaintiffs' respective claims, the court will consider this motion as though it were the original motion to restore filed on December 9, 1969. The court will consider the affidavits filed by all parties in connection *340 with the first motion and the affidavits and briefs filed in connection with the subsequent motion to restore which was returnable April 17, 1970.
The original court rule promulgated pursuant to the Constitution of 1947 providing for sanctions to be imposed for failure to answer interrogatories was Rule 3:37-4. On September 9, 1953 this rule became R.R. 4:27-4 [Now R. 4:23-4]. With certain amendments which are not relevant to the issues presently before this court, R.R. 4:27-4 remained in its original form until it was amended on August 13, 1964 to be effective September 9, 1964. The effects of the 1964 amendment will be discussed later in this opinion.
R.R. 4:27-4, adopted on September 9, 1953, provided:
If a party or an officer, director or managing or authorized agent of a party wilfully fails to appear before the officer within this State who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 4:23 after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or take such other action as it deems advisable.
The implementation of this rule is discussed in Lang v. Morgan's Home Equipment Corp., 6 N.J. 333 (1951). That case involved the failure of a defendant to make discovery. On plaintiffs' application to suppress the answer and dismiss the counter-claim, the trial court entered an order compelling defendant to make discovery. Under the rules then in effect, it was necessary for the aggrieved party to make formal application to the court, with notice to the adversary, in order to have sanctions imposed for failure to make discovery. After defendant again failed to make discovery, a further application to impose sanctions upon defendant was made by plaintiff. The trial court, while finding that defendant's conduct was not contumacious, entered an order dismissing the counterclaim and suppressing the *341 defenses. Defendant appealed, and the Supreme Court certified the appeal on its own motion. The Supreme Court, in reversing the trial court's order dismissing the counterclaim and suppressing the defenses, stated the necessity for providing for sanctions for failure to make discovery:
* * * Sanctions are peculiarly necessary in matters of discovery and the power to invoke them is inherent in our courts. The consequences attendant upon the failure to make discovery when ordered are provided for by Rule 3:37 and the trial court is free to apply them, subject only to the requirement that they be just and reasonable in the circumstances; see Hammond Packing Co. v. Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909). [at 338]
However, the Supreme Court further noted that
The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases where the order for discovery goes to the very foundation of the cause of action, Tsibikas v. Morrof, 5 N.J. Super. 306 (App. Div. 1949), or where the refusal to comply is deliberate and contumacious, Michigan Window Cleaning Co. v. Martino, 173 F.2d 466 (C.A. 6th Cir. 1949). [at 339]
The Supreme Court stated that it did not wish to have the reversal of the judgment below to be construed as condoning defendant's actions. The reversal of the judgment was based primarily on the fact that the trial court expressly stated that defendant's conduct was not contumacious. Although the order suppressing the defenses was reversed, the Supreme Court stated (at 340): "Dilatory and obstructive tactics are not to be tolerated in preparation for trial any more than they would be at the trial itself."
The Lang decision clearly set forth the policy that discovery rules must be complied with. However, the decision also clearly set the tone that drastic sanctions should rarely be imposed. Because of the necessity of making a formal motion, with notice to the adversary, and the tone set by the Lang decision, the sanction of dismissal of a claim could have been invoked by a court only in clearly extreme and contumacious circumstances.
*342 In Tsibikas v. Morrof, 5 N.J. Super. 306 (1949), and In re Wozar's Estate, 34 N.J. Super. 133 (1955), the Appellate Division reversed orders of dismissals which were entered for failure to make discovery. Other cases discussing sanctions for failure to make discovery are Interchemical Corp. v. Uncas Printing & Fin. Co., Inc., 39 N.J. Super. 318 (App. Div. 1956), and Douglas v. Harris, 63 N.J. Super. 313 (App. Div. 1960).
These cases follow the Lang case, supra, in both the insistence of compliance with pretrial discovery rules and the hesitancy to impose drastic sanctions.
With this background in mind the Supreme Court amended R.R. 4:23-6(e) on August 13, 1964, to be effective September 9, 1964, to read as follows:
If timely answers are not served, and no formal motion for extension under paragraph (d) has been made, the complaint, counterclaim or answer of the party failing to comply with this Rule shall be dismissed or suppressed by the court, upon the filing of an affidavit by the party entitled to answers setting forth such failure. The affidavit shall be accompanied by, and have attached to it the order of dismissal or suppression. A copy of all such orders with affidavits attached shall be served on the delinquent party within 7 days after the date thereof.
This rule has remained essentially the same and was in effect at the time plaintiffs' action was dismissed by the court on October 18, 1967. The rule is now R. 4:23-5.
Obviously, the rule imposing sanctions for failure to answer interrogatories underwent a very significant change by the 1964 amendment. The rule is now mandatory that a complaint be dismissed upon the filing of an affidavit that answers to interrogatories have not been furnished. It is also significant that this is effectuated on an ex parte application.
The 1964 amendment also provided the procedure for the vacation of an order imposing sanctions for failure to answer interrogatories. R.R. 4:23-6(f), now R. 4:23-5(a), provided:
*343 On formal motion the court may vacate its order dismissing a complaint, counterclaim or suppressing an answer or defense within 30 days after service of such order, provided fully responsive answers to the propounded interrogatories are presented and the delinquent party pays $50 costs to the clerk of the county of venue.
In order to understand the effect of this amendment to the rule, it is helpful to look at the committee reports which preceded the 1964 amendments.
On March 21, 1963 the New Jersey Supreme Court Committee on Pretrial Procedure reported its conclusions, cited at 86 N.J.L.J. 153, as follows:
The committee unanimously agreed that the principal problem presented under R.R. 4:23, is the difficulty in obtaining answers to interrogatories so that discovery is completed at the time scheduled for the pretrial conference.
Courts are so reluctant to enforce the unrealistic time limitations under Rule 4:23-6, for the service of answers to interrogatories and under Rule 4:28(a) for the completion of discovery that the said rules are more often honored in breach than compliance. The condition has resulted in a complete breakdown in the enforcement of the time limitations provided by the rules to the extent that they have practically disappeared. The problem has caused congested motion calendars, postponed or perfunctory pretrials, and a serious delay in the final disposition of cases.
The committee believes that much of the abuse and delay that presently exist under R.R. 4:23 can be eliminated and a satisfactory solution of the problem accomplished by the adoption of realistic time limitations for the completion of discovery and for the answering of interrogatories and by uniform and strict enforcement of said requirements by the court.
In order to effectuate these ends, the committee made the folowing recommendations on April 11, 1964:
In connection with (3) (requiring interrogatories to be answered within 40 days of service) the rule amendment should require the party having the duty to answer the questions to apply formally for any necessary extension, within the 40 day period. * * * If no such application is made and timely answers are not delivered, on the filing by the party entitled to the answers of an affidavit to that effect and an appropriate order with the judge next hearing motions, the delinquent's complaint shall be dismissed or his defense suppressed. If the statute of limitations has run on plaintiff's cause of action, the court may grant the dismissal on condition that defendant waive the *344 bar if judgment for costs is paid and the suit reinstated within 30 days.
Dismissal of a complaint should be without prejudice. Vacation of the dismissal or suppression of defense by the court within a reasonable time after entry of the order should be provided for in the Rule. [86 N.J.L.J. 197, at 201]
These recommendations were embodied in the tentative draft of R.R. 4:23-6, reported on November 7, 1964. 86 N.J.L.J. 625. The findings of the reports were reaffirmed by the committee on May 21, 1964:
All available information indicates that trial judges remain burdened seriously on motion days, pretrial conference days and trial days with problems arising out of use, misuse and failures connected with interrogatories. For this reason the mandatory penalties and the time limitations set out in R.R. 4:23-2, 4:23-6 and 4:28-8 [4:26-8] remain as originally recommended. [87 N.J.L.J. 321]
The rule that was recommended in the above-cited reports was adopted August 13, 1964 to be effective September 9, 1964.
On May 6, 1965 the New Jersey Supreme Court Committee on Rules recommended that R.R. 4:23-6(e) be amended to make the discretionary restoration within 30 days mandatory and to make the amount of costs to be assessed discretionary instead of a mandatory $50. 88 N.J.L.J. 285. These recommendations were never adopted.
The policy set forth in R.R. 4:23-6(e) as expressed in the above cited reports is clear. In applying this policy to the facts in the instant motion, this court concludes that the application to restore this action to the active trial list must be denied.
The original order of dismissal of October 18, 1967 was without prejudice. Plaintiffs' attorneys simply failed to comply with the rule. The explanation they offered is the following, contained in their affidavit of December 8, 1969:
2. On October 18, 1967, as a result of the failure of the plaintiff to answer interrogatories, the defendant Kragen obtained an Order Dismissing the Complaint.
*345 3. In January 1968 the answers to interrogatories were forwarded to the defendant Kragen, but were returned.
4. Due to inadvertence and mistake and appropriate application to restore the matter to the trial list was not made and the answers to the interrogatories were returned to the file apparently without the attention of the attorney then handling the file.
This "inadvertence and mistake" is precisely what R.R. 4:23-6 was intended to prevent. Such "inadvertence and mistake" is precisely the type of inaction which leads to the delays and calendar congestion mentioned in the committee reports.
The explanation offered for this "inadvertence and mistake" is more fully set out in the affidavits of plaintiffs' attorneys submitted to this court on June 11, 1970. Since July of 1967 the office of plaintiffs' attorneys has had extensive problems in obtaining office personnel and attorneys. Later, in the fall of 1967, there were internal problems in the firm which were further complicated by the senior partner's illness in the fall of 1968. The court can sympathize with the problems set forth in the affidavits, but does not feel that those problems within the firm should operate to suspend the rules of our courts in regard to that firm.
This motion does not concern itself with the general remedy for relief from judgments provided in R. 4:50. The rule concerning interrogatories was adopted after the general rule for relief from orders or judgments had been in effect. The committee reports show that the intention behind the rule was to make the delinquent party move to vacate the order of dismissal or suppression very soon after it was entered.
This court does not mean to state that R. 4:23-5 is absolute in its statement that a motion must be made within exactly 30 days. R. 1:1-2 concerning the construction and relaxation of the rules makes it clear that a court should act in the spirit of justice rather than adhering to a rote following of rules.
The court recognizes that it is given wide discretion in applying the rules by reason of R. 1:1-2 (formerly R.R. *346 1:27A). The court also agrees with the cases cited by plaintiffs' counsel that where noncompliance with court rules is due to neglect or forgetfulness of counsel and not to any conduct of a litigant, and the other party has not been prejudiced, dismissal will not ordinarily be granted where other measures, short thereof, will suffice. Savoia v. F.W. Woolworth Co., 88 N.J. Super. 153 (App. Div. 1965); Devlin v. Surgent, 18 N.J. 148 (1955); Kazanjian v. Atlas Novelty Co., 34 N.J. Super. 362 (App. Div. 1955); Gnapinsky v. Goldyn, 23 N.J. 243 (1957), Paxton v. Misiuk, 34 N.J. 453 (1961). However, these cases generally deal with relaxation of appellate rules, and the dilatoriness of counsel in those cases was minor in relation to the case at bar.
In McLaughlin v. Bassing, 100 N.J. Super. 67 (App. Div. 1967), rev'd 51 N.J. 410 (1968), the Appellate Division reversed the trial court's refusal to dismiss a complaint where the summons had not been issued for more than 2 1/2 years. The Supreme Court reversed the Appellate Division for the reasons expressed in Judge Sullivan's dissent. Basically, this was a matter where settlement negotiations were entered into after the filing of the complaint and so plaintiffs' counsel assumed there would be no need to prosecute the case further. McLaughlin is distinguishable from the case at bar in that in the instant case all counsel were aware that the complaint was dismissed. In McLaughlin counsel assumed the case was active.
This court must conclude that if R. 4:23-5 is to be relaxed by R. 1:1-2 in the present case, then R. 4:23-5 would be rendered meaningless. See Pagano v. Krispy Kernals, Inc., 10 N.J. Super. 588 (Law Div. 1950). As was stated in Schnitzer, "Civil Practice and Procedure", 5 Rutgers L. Rev. 295 (1951):
It is clear, however, that liberality in procedure has limits. The design and an essential function of rules of practice is to establish a certain order and sequence in the conduct of litigation. Flexibility, which verges upon procedural chaos, is no more desirable than the *347 straight jacket of the common law writs. The rules will not be allowed to become booby traps; but they were written and meant to be applied.
Plaintiffs' attorney also argues that the dismissal of the complaint operated only as to the party obtaining the order of dismissal. The language of R. 4:23-5 speaks of the dismissal of the complaint. There is no qualification which would limit the dismissal to the party seeking the order. Also, the order had to be served upon all counsel by its terms. Therefore all counsel for defendants had a right to rely on the order dismissing the complaint.
Further, once the interrogatories were served, all parties would receive a copy of the answers, which would be forwarded to them by the propounding party pursuant to R. 4:17-4(c).
For the above stated reasons, the motion to restore this action to the active trial list is denied.