**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1631-22

EIL INVESTMENTS, LP,
LANDCOR HOLDINGS, LLC,
LINELIV LP,
LINELIV LLC,
HARTFORD PLAZA LTD. LP,
COOL TRAC FARMS LLC,
HIGH MEADOW FARMS, LLC,
IVELIN, LLC,
IVY TREE MEADOWS, LLC,
JIVA HOLDINGS LLC,
PINEDGE ASSOCIATES, LLC,
ABCON HOLDINGS LLC,
LENTIVA, LLC,
VIRELLIND HOLDINGS, LP,
VIRTIVA, LLC,
ELLEN SAMOST,
LINDA SAMOST,
IVA SAMOST, by her court
appointed guardian, and the
Iva Samost Revocable Trust,
for themselves, trading as and/or
on behalf of entities in which they
hold or held a partnership,
membership or equity ownership
interest including, without
limitation, and to the extent of
their interest in,
ABNOH, LLC,
BANKBRIDGE FARMS, LLC,

BOAN, LLC,
BREEZY TRAC FARMS, LLC,
COMSAM HOLDINGS, LLC,
COMSAM HOLDINGS, LP,
COOL MEADOW FARMS, LLC,
COUNTRY ROSE, LLC,
GREEN MEADOW FARMS, LLC,
HADDONBROOK ASSOCIATES,
LLC, HARTFORD SC, LLC,
HIGH STREAM FARMS, LLC,
HIVNOL, LLC,
HOLLOW BRIDGE ESTATES,
LLC, IVELIN (FL), LLC,
JANIV HOLDINGS, LP,
JOBNOL INV, LLC,
JOBNOL INV, LP,
JONAB INV, LP,
LAND & GROUND REALTY (FL),
LLC, LANDSPROP, LLC,
LENTIVA (FL), LLC,
LINELIV (FL), LLC,
LM ASSOCIATES I, LLC,
METCAM HOLDINGS, LLC,
MOORLAND ASSOCIATES, LLC,
NARAM GROUP, LP,
P&I ASSOCIATES, LLC,
PINEDGE ASSOCIATES (FL),
LLC, PRAYER PLACE, LLC,
ROSELIN BRIDGE, LLC,
ROYAL HILLS, LLC,
TURALIN, LLC,
WE BUY HOMES, LLC,
WERENTHOMES, LLC,
WYNCREST FARMS, LLC,
WYNCREST LAKES, LLC,

   Plaintiffs-Appellants,

v.

STEVEN E. ANGSTREICH,
WEIR AND PARTNERS, LLC,
JEFFREY BARON, and
BARON & BRENNAN, PA,

 Defendants-Respondents,

and

MICHAEL J. WARD,
MICHAEL J. WARD, LLC,
DANIEL I. WARD,
DANIEL I. WARD, PC,
and ESTATE OF JOSEPH
SAMOST,

 Defendants.

_____

Argued May 14, 2024 – Decided September 11, 2024

Before Judges Gooden Brown and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0258-21.

Gregory A. Lomax argued the cause for appellants (Lauletta Birnbaum, LLC, attorneys; Gregory A. Lomax, of counsel and on the briefs).

Nicholas M. Centrella argued the cause for respondents Steven E. Angstreich and Weir and Partners LLP (Clark Hill PLC, attorneys; Nicholas M. Centrella, on the brief).

John L. Slimm argued the cause for respondents Jeffrey Baron and Baron & Brennan, PA (Marshall Dennehey, attorneys; John L. Slimm, on the brief).

PER CURIAM

Plaintiffs consist of numerous legal entities created as part of the estate planning of Joseph and Iva Samost, both of whom are now deceased. Plaintiffs appeal from several Law Division orders entered from September 12 through December 22, 2022, denying their cross-motion to extend discovery; dismissing claims against defendants Steven E. Angstreich and Weir and Partners, LLC (the Weir defendants); and dismissing plaintiffs' amended complaint against defendants Jeffrey Baron and Baron & Brennan, P.A. (the Baron defendants).[1] The orders stem from protracted discovery relating to plaintiffs' underlying complaint alleging multiple instances of negligence, breach of fiduciary duty,

---

[1] Specifically, plaintiffs appeal from nine orders: (1) two separate September 12, 2022, orders denying plaintiffs' cross-motion to extend discovery, and granting the Baron defendants' motion to compel more specific answers to interrogatories and production of documents; (2) two separate October 25, 2022, orders dismissing counts seven and eight of the amended complaint against the Baron defendants and dismissing with prejudice plaintiffs' claims against the Weir defendants; (3) a November 2, 2022, order granting the Baron defendants' motion to compel more specific answers; and (4) four separate December 22, 2022, orders denying plaintiffs' cross-motion fixing a date for service of expert reports, denying plaintiffs' motion for reconsideration, denying plaintiffs' motion to compel discovery, and dismissing with prejudice plaintiffs' complaint and amended complaint against the Baron defendants.

conversion, and legal malpractice for defendants' part in a prior settlement as well as defendants' management and restructuring of various family business entities. We affirm.

I.

We focus on the procedural history of the case which is germane to the issues on appeal. Over the course of Joseph's[2] and Iva's married life, the couple acquired a vast portfolio of real estate "held in the name of various trade names" or "real estate companies that were owned by [] family members" in varying percentages. Linda and Ellen Samost are the daughters of Joseph and Iva.

After settling litigation "involving various Samost family members," that allocated the ownership interest of numerous "properties and businesses," Joseph, Iva, Linda, and Ellen remained majority interest holders of multiple business entities—existing and newly formed—controlling their remaining family assets. Joseph managed those assets with the assistance of various professionals, among them defendants Angstreich of Weir and Partners, LLC, Baron of Baron & Brennan, PA, Michael and Daniel Ward, and their respective law firms.

---

[2] Because of the common surname, we use first names to avoid confusion and intend no disrespect.

A-1631-22

Defendants assisted Joseph with his estate planning, which included "transferr[ing] most of his personal interests in the [family b]usinesses to . . . Iva" and "minimiz[ing] the tax impact[] of particular transactions" while ensuring "ownership interests were not diluted." Even as Joseph transferred ownership interests to his wife and daughters, he continued to manage numerous properties and business entities. Iva, Linda, and Ellen therefore relied on Joseph and his professionals to manage and protect their financial affairs.

Christine Beikman, Joseph's then bookkeeper for the various businesses, was another one of Joseph's trusted associates. However, unbeknownst to the family, for years, Beikman allegedly "execut[ed]" and "fil[ed]" numerous "false deeds" and other "documents purporting to memorialize changes in the ownership" of the family's businesses under the guise of Joseph's ailing health. Beikman's acts "caused the transfer of over $20 million" in unaccounted assets. Plaintiffs alleged that some of the family's assets were ultimately "converted" or "transferred" to Iva's, Linda's, and Ellen's "detriment." In late 2014, Joseph and Iva removed Beikman from her position and terminated their relationship with her.

Beikman later pursued litigation for improper termination, naming Joseph, Iva, and many of the businesses for which she had previously served as

6

bookkeeper. Defendants separately represented Iva and the business entities in conducting a forensic audit to determine the impact of Beikman's alleged misconduct. Upon the recommendation of both the Weir and Baron defendants, Iva and the business entities settled the Beikman litigation, resulting in "no payments by Beikman, no accounting for the [questioned] transactions," and "no recovery" of the unaccounted monies.

On January 27, 2021, plaintiffs filed the underlying eight-count complaint against defendants that is the subject of this appeal. In the complaint, plaintiffs alleged multiple instances of negligence, breach of fiduciary duty, conversion, and legal malpractice in connection with the Beikman settlement and the management and restructuring of the family's business entities. Plaintiffs sought compensatory and punitive damages, among other relief.

Pursuant to Rules 4:5A-1 and -2, a "[t]rack [a]ssignment [n]otice" was issued assigning the case to "[t]rack [three]" and setting the time for completion of discovery at 450 days. On March 11, 2021, the Baron defendants moved to dismiss plaintiffs' complaint pursuant to Rule 4:6-2(e) for "failure to state a claim upon which relief can be granted." The Weir defendants filed a similar motion as well as a motion for a more definite statement pursuant to Rule 4:6-

4(a), permitting a party to "move for a more definite statement before interposing a responsive pleading" to a "vague or ambiguous" pleading.

In an April 16, 2021, order, the motion judge granted, in part, the motions to dismiss and dismissed without prejudice "[plaintiffs'] claim for punitive damages." The judge also ordered plaintiffs to amend counts seven and eight of the complaint "to plead[] with more specificity."[3] Nearly four months later, on August 2, 2021, plaintiffs filed a first amended complaint containing similar deficiencies in counts seven and eight as those in the original complaint. The Baron defendants filed a contesting answer on August 18, 2021, and the Weir defendants filed a "[p]artial [m]otion" to dismiss plaintiffs' first amended complaint on August 23, 2021.

On September 15, 2021, following oral argument, the judge entered an order granting in part the Weir defendants' "[p]artial [m]otion" to dismiss, dismissing the punitive damages claim in plaintiffs' first amended complaint, and again directing plaintiffs to amend counts seven and eight to "specify the attorneys." Plaintiffs had used the phrase "Defendant Attorneys" without specifying the attorneys to whom they were referring.

_____

[3] According to the order, a statement of reasons was set forth on the record at a hearing of the same date but was not provided as part of the record on appeal.

Prior to filing a second amended complaint, on March 16, 2022, plaintiffs moved to dismiss their claims against defendants Michael J. Ward, Daniel I. Ward, and their respective business entities (the Ward defendants) after reaching an undisclosed settlement. In an April 25, 2022, order, the judge entered a stipulation of dismissal to that effect as to the Ward defendants.

Additionally, on April 29, 2022, the judge entered an order directing "plaintiffs . . . to provide fully responsive certified [a]nswers to [i]nterrogatories, as well as their document production" by May 12, 2022. The order stemmed from the Baron defendants' March 17, 2022, motion to dismiss plaintiffs' complaint without prejudice in accordance with Rule 4:23-5(a)(1) for failure to provide discovery.

On May 17, 2022, the parties were notified that "[a] trial [wa]s scheduled for . . . August 22, 2022." The deadline to extend discovery was set to end on June 8, 2022, pursuant to an earlier court notice dated April 2, 2022. On June 2, 2022, six days prior to the discovery end date, plaintiffs filed a letter request with defendants' consent, pursuant to Rule 4:24-1(c), for a sixty-day extension of the discovery deadline. As a result, the discovery deadline was extended to August 7, 2022, and trial was rescheduled to October 17, 2022.

After plaintiffs missed the May 12, 2022, deadline to answer interrogatories and produce documents, on June 13, 2022, the Baron defendants moved to compel more specific answers to interrogatories and the production of documents. Additionally, on June 24, 2022, the Weir defendants served "[p]laintiffs with their [f]irst [s]et of [r]equests for [p]roduction" based on the first amended complaint, inasmuch as plaintiffs had not yet filed a second amended complaint.

In response, on July 28, 2022, plaintiffs cross-moved to extend discovery. In a supporting certification, plaintiffs' counsel provided the following reasons for seeking an extension of the discovery deadline:

> a. This case was filed in the midst of the COVID[-19] pandemic;
>
> b. There was extensive motion practice that delayed the filing of responsive pleadings and the framing of issues as to which discovery needs to be taken;
>
> c. Protracted settlement discussions with certain . . . defendants ultimately resulted in a settlement of claims against those parties, but delayed discovery as to other parties;
>
> d. Despite being promptly served, the Estate of Joseph Samost has not filed an [a]nswer. It is unclear, as a result of the [c]ourt's [o]rder on a motion to enter a default against the Estate, whether the Estate may yet be permitted to file an answer and assert defenses.

10

On July 29, 2022, nine days prior to the expiration of the first extended discovery deadline, plaintiffs served their first sets of interrogatories and document requests on the Weir and Baron defendants. On August 5, 2022, plaintiffs filed a partial second amended complaint as to counts seven and eight pursuant to the September 15, 2021, order. The only substantive change between the first and the second amended complaints was plaintiffs' substitution of "Angstreich" and "Weir LLP" for "Defendant Attorneys" in counts seven and eight.

On August 10, 2022, the Weir defendants moved to dismiss the action pursuant to Rule 4:37-2(a), governing dismissals for failure to comply with rules or court orders, or Rule 4:23-5(a), governing dismissals for failure to provide discovery. Thereafter, on August 12, 2022, plaintiffs sent written responses to the Weir defendants' June 24, 2022, request for document production. After several adjournments, the judge entered separate orders dated September 12, 2022, as to the Baron defendants' and plaintiffs' respective motions. In an accompanying oral statement of reasons, the judge granted the Baron defendants' motion to compel more specific answers to interrogatories and documents, stating that plaintiffs "were asked to identify photographs, videos, and electronic indications" but "ha[ve] not provided any [responses]."

In denying plaintiffs' cross-motion to extend discovery, the judge explained:

> [Plaintiffs] provide[d] multiple reasons why additional discovery is needed. The case was filed in the midst of the pandemic[,] but that part is over with. The . . . extensive motion practice has delayed responses. That[ i]s not a valid reason. [Negotiating p]rotective settlements, again, is not a valid reason.
>
> Plaintiffs were required to serve discovery . . . pursuant to court rules within [forty] days of August of 2021. Now, on the eve of trial [p]laintiff[s are] attempting to extend discovery to have this filed. It[ i]s too late. There[ i]s no reason why any of these documents could[ not] have been sought before. Therefore the [m]otion is denied.

On September 14, 2022, the Baron defendants moved to dismiss plaintiffs' complaint as to counts seven and eight under Rule 4:6-2(e). On October 21, 2022, the judge heard oral argument on the Baron defendants' motion to dismiss and the Weir defendants' motion to dismiss under Rules 4:37-2(a) and :23-5(a). Plaintiffs conceded that "there [was] no claim being asserted against [the Baron defendants] in [c]ounts [seven] or [eight]" but opposed dismissal "with prejudice." Plaintiffs argued that while they were presently "not aware" of any facts "that would support those claims," they should not be "precluded" by a dismissal with prejudice from asserting those claims in the future. The Baron defendants countered that plaintiffs' request was "inappropriate," because

plaintiffs' amendments to counts seven and eight were filed "a year and seven months" after the initial complaint and plaintiffs "ha[d] no expert report critical of [the Baron defendants]" as required for a malpractice claim.

On the Weir defendants' motion to dismiss, the Weir defendants argued that plaintiffs' complaint should be dismissed under Rule 4:37-2(a) because plaintiffs' delayed compliance with the court's order was "wil[l]ful conduct," and that conduct "harm[ed]" defendants because they "could[ not] file a proper response to the [August 5, 2022, amended] pleading." Nonetheless, the Weir defendants proffered that the court could "properly . . . resolve[]" the issue with "a lesser sanction" by simply dismissing counts seven and eight "of the second amended complaint."

Plaintiffs retorted that none of the amendments made in the August 5, 2022, amended pleading prohibited the Weir defendants from submitting discovery requests sooner than June 24, 2022. In explaining the delay, plaintiffs' counsel conceded "that [he had] been less than fully diligent in the prosecution of th[e] case" due to the firm's internal case management, which he described as "a complicated matter." Nonetheless, plaintiffs' counsel asked the judge for the opportunity to "present [their] case on the merits by giving [them] some additional time to complete the necessary discovery."

13

On October 25, 2022, the judge entered two separate orders. In one order, the judge granted the Weir defendants' motion to dismiss the complaint with prejudice. In a second order, the judge granted the Baron defendants' motion to dismiss counts seven and eight with prejudice.[4] As to the Baron defendants, to support his ruling, the judge relied on the fact that the matter was proceeding to trial and plaintiffs' request to extend discovery had been denied on September 12, 2022.

As to the Weir defendants, the judge explained that plaintiffs' first amended complaint—filed August 2, 2021, in response to the court's April 16, 2021, order—"contained similar deficiencies in [c]ount[s] seven and eight as . . . those in the original complaint." The judge continued that despite being ordered on September 15, 2021, "to amend [c]ount[s] seven and eight to specify the attorneys involved in these claims,"

> [a] year passed after the September [2021] order before [p]laintiffs filed their second amended complaint in August of 2022.
>
> As a result . . . . [t]he Weir [d]efendants have not yet filed an answer. The Weir [d]efendants have[ not] conducted any discovery. No one has been deposed by any party. The delay has affected the case, specifically, [p]laintiff Iv[a] Samost . . . described as [a] key

---

[4] In a third order, the judge entered default against the Estate of Joseph Samost on plaintiffs' motion.

[p]laintiff [and] alleged witness, passed away [in] March 2022. So there will be an inability to seek any information directly from that decedent.

Citing Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 345 (1984) and Rule 4:37-2(a), the judge determined that dismissal with prejudice as to the Weir defendants was warranted. In support, the judge pointed to the September 12, 2022, order denying plaintiffs' recent request to extend discovery. The judge also recounted the fact that the case was over "510 days" old and the failure to complete discovery was attributable to plaintiffs. Thus, the judge posited that "to deny the [Weir defendants'] motion . . . would really in essence open discovery" and "improperly reverse" the September 12, 2022, order, an untenable outcome in the judge's opinion.

Instead,

> [t]he [c]ourt [found] that . . . [p]laintiffs improperly did not comply with the September [15, 2021,] order, and [by waiting to] fil[e] the amended complaint for nearly a year, the Weir [d]efendants had been unable to file an answer, cross-claim or counter-claim without sufficiently definite pleading[s] from . . . [p]laintiffs. And for the reasons stated, and really enforcement of the discovery rules in [an] attempt to have the matter ready for trial, I believe that there has been sufficient time not acted on. And while I do[ no]t have . . . an extension of discovery request before me such that I need to consider that specifically, that aspect was really closed out in the law of the case . . . [by the September 12, 2022, order] which denie[d] extension

of discovery and really makes it impossible to proceed against the[] . . . Weir [d]efendants.

On November 2, 2022, another order was entered granting the Baron defendants' motion to compel more specific answers to interrogatories and the corresponding documents. On November 17, 2022, the Baron defendants again moved for outstanding discovery and to dismiss the complaint with prejudice. On November 28, 2022, plaintiffs moved for reconsideration of the October 25, 2022, order dismissing all claims against the Weir defendants. Plaintiffs also moved to extend discovery and to compel the Baron defendants' responses to plaintiffs' July 29, 2022, demand for written discovery.

During oral argument on the motions, conducted on December 16, 2022, plaintiffs argued for the first time that the original discovery deadline was miscalculated. According to plaintiffs, the initial discovery end date should have been August 3, 2022. Based on the miscalculation, plaintiffs argued that (1) the temporal reasons supporting the Weir defendants' motion to dismiss with prejudice were incorrect; (2) the reasons for the September 12, 2022, order denying an extension of discovery no longer applied; and (3) "discovery was timely under the proper calculation of the discovery end date, because it was returnable . . . within the period of discovery."

16

Plaintiffs also reiterated that the COVID-19 "shutdowns" and related Supreme Court omnibus orders created "a general sense of relaxation of some of those deadlines." Further, according to plaintiffs, "our rules are structured to provide [a] two-step process where if there[ i]s a non-compliant party, there[ i]s an order of dismissal without prejudice, and then an opportunity to reinstate if that delinquency is cured."

On the Baron defendants' motion to dismiss, defense counsel argued that on "the third time around," "plaintiffs do not have a cause of action[] because they do[ not] have expert reports." Defense counsel argued that their motion to dismiss should be granted with prejudice because plaintiffs (1) failed to comply with orders requiring "answer[s] to interrogatories," (2) failed to comply with orders directing "more specific answers to interrogatories," and (3) failed to provide "expert reports" to support their legal malpractice claims.

In separate orders dated December 22, 2022, the judge denied plaintiffs' motions for reconsideration and to compel discovery and granted the Baron defendants' motion to dismiss with prejudice. In an oral opinion placed on the record on December 22, 2022, the judge extensively reviewed the procedural history and underlying facts alleged in plaintiffs' complaint. The judge "f[ound] based on the circumstances [that] reconsideration and reversal [were] not

17

warranted" because there was "continuing dilatory conduct relative to conducting the discovery in the matter" and "no indication that the dilatory conduct by plaintiffs [would] not continue."

The judge explained:

> This is a complex, multi-party legal malpractice case and very little has been exchanged or shown to establish the basis for negligence on the part of these two remaining attorneys and law firms.
>
> . . . [P]laintiff[s'] failure to produce an expert calls into question the ability of . . . plaintiffs to maintain any of their complex causes of action in the matter and further supports dismissal with prejudice as the proper remedy.

As to the Baron defendants' motion to dismiss, the judge explained that plaintiffs "b[ore] the burden of proving all the[] elements [of legal malpractice]" but could not "at this point provide or prevail" on its claims "without . . . an expert report." After reviewing the governing rules and legal principles, the judge further expounded:

> During the course of the almost two years[,] plaintiffs had every opportunity to provide answers to interrogatories and submit an expert report. They did[ not]. Consistently . . . defendants have been required to file motions [for] more specific answers to interrogatories. Court orders were entered as noted compelling more specific answers to interrogatories. . . . . Again[,] plaintiffs were required to respond to interrogatories. They did not.

The judge "acknowledge[d] that dismissal with prejudice [was] disfavored." However, given plaintiffs' "failure to really engage in discovery and failure to comply with court orders," the judge believed there was no other appropriate recourse. In the judge's "opinion," plaintiffs' "dilatory" conduct had "really . . . been egregious" and "so much time went by." In addition, according to the judge, "several [j]udges attempted to assist by directing the parties by court order with absolutely no effect on . . . plaintiffs."

Although the judge also denied plaintiffs' discovery motions as moot, the judge commented that Rule 4:24-1(c) prohibited extension of the discovery period after a trial date had been fixed unless exceptional circumstances were shown. Because a trial date had been fixed, the judge considered whether plaintiffs had made the requisite showing and determined that they had not because plaintiffs' counsel had not been "diligent in pursuing discovery" and had not satisfactorily explained why discovery had not been completed. According to the judge, the discovery sought, particularly an expert report, was essential to the case, plaintiffs' request for an extension of the discovery deadline was late, and the circumstances presented were not beyond the control of plaintiffs' attorney. This appeal followed.

On appeal, plaintiffs raise the following points for our consideration:

I. THE TRIAL COURT ERRED IN DENYING PLAINTIFFS' DISCOVERY-EXTENSION MOTION.

A. The Court Should Review This Issue De Novo.

B. The Trial Court Applied The Wrong Standard In Denying Plaintiffs' Cross-Motion To Extend Discovery.

C. Plaintiffs Established Good Cause For A Further Extension Of Discovery.

D. The Trial Court Abused Its Discretion In Refusing To Grant Plaintiffs' Discovery Extension.

E. The Trial Court Erred When It Entered The October 21, 2022[,] Order Dismissing Counts [Seven] And [Eight] Against The Baron Defendants.

F. The Court Should Reverse The Trial Court's Order Dated December 22, 2022[,] Denying Plaintiffs' Motion To Compel As Moot.

II. THE TRIAL COURT ERRED IN DISMISSING THE AMENDED COMPLAINT AGAINST THE BARON AND WEIR DEFENDANTS.

A. The Trial Court Erred In Dismissing The Amended Complaint Against The Baron Defendants.

1. The Trial Court Abused Its Discretion In Dismissing The Amended Complaint

20

Against The Baron Defendants Under [Rule] 4:23-2(b)(3).

2. The Trial Court's Dismissal of Plaintiffs' Claims Against The Baron Defendants Deprived Plaintiffs Of Their Procedural Rights Under [Rule] 4:46-2.

3. The Trial Court Erred In Entering The Compel Order Because It Mistakenly Found That The Baron Defendants' Motion To Compel Was Unopposed.

B. The Trial Court Abused Its Discretion In Dismissing The Amended Complaint Against The Weir Defendants Under [Rule] 4:37-2(a).

II.

"An appellate court applies 'an abuse of discretion standard to decisions made by [the] trial courts relating to matters of discovery.'" C.A. by Applegrad v. Bentolila, 219 N.J. 449, 459 (2014) (alteration in original) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). The same standard applies to a trial court's dismissal of a complaint for discovery violations, Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995); Woodward-Clyde Consultants v. Chem. & Pollution Scis., Inc., 105 N.J. 464, 475 (1987), and a denial of a motion for reconsideration, Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

21

An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso–Sanchez v. INS, 779 F.2d 1260, 1265 (7th Cir. 1985)). Thus, "appellate courts are not to intervene . . . absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Cap. Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017) (citing Pomerantz, 207 N.J. at 371).

On the other hand, "we review legal determinations based on an interpretation of our court rules de novo." Occhifinto v. Olivo Constr. Co., 221 N.J. 443, 453 (2015) (citing State ex rel. A.B., 219 N.J. 542, 554-55 (2014)). "In that regard, '[w]e apply the same canons of construction to a court rule that we apply to a statute.'" Hollywood Café Diner, Inc. v. Jaffee, 473 N.J. Super. 210, 217 (App. Div. 2022) (quoting Cadre v. Proassurance Cas. Co., 468 N.J. Super. 246, 263 (App. Div. 2021)).

In Point I, plaintiffs challenge the legal standard employed by the judge in the September 12, 2022, order denying their motion to extend discovery. Plaintiffs contend their motion to extend discovery was similar to the motion in Hollywood Café. Because the judge prematurely scheduled a trial date before

22

the conclusion of discovery, plaintiffs assert their motion should have been reviewed under the good cause standard rather than the exceptional circumstances standard. Plaintiffs posit they met the good cause standard under Hollywood Café, and Leitner v. Toms River Regional Schools, 392 N.J. Super. 80, 92-93 (App. Div. 2007), and even if the exceptional circumstances standard applied, they met that standard as well.

In Hollywood Café, we explained:

> Rule 4:24-1(c) permits the parties to extend discovery for sixty days "prior to the expiration of the discovery period" by written consent. If a longer extension is sought, "a motion for relief shall be filed . . . and made returnable prior to the conclusion of the applicable discovery period." Ibid. "[I]f good cause is otherwise shown, the court shall enter an order extending discovery." Ibid. (emphasis [omitted]). However, "[n]o extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown." Ibid. (emphasis [omitted]).
>
> [Hollywood Café, 473 N.J. Super. at 217 (alterations in original)].

We identified the following non-exhaustive list of factors courts may consider in determining whether good cause to extend discovery exists:

> (1) the movant's reasons for the requested extension of discovery;
>
> (2) the movant's diligence in earlier pursuing discovery;

23

(3) the type and nature of the case, including any unique factual issues which may give rise to discovery problems;

(4) any prejudice which would inure to the individual movant if an extension is denied;

(5) whether granting the application would be consistent with the goals and aims of "Best Practices";

(6) the age of the case and whether an arbitration date or trial date has been established;

(7) the type and extent of discovery that remains to be completed;

(8) any prejudice which may inure to the non-moving party if an extension is granted; and

(9) what motions have been heard and decided by the court to date.

[Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 480 (App. Div. 2012) (quoting Tynes ex rel. Harris v. St. Peter's Univ. Med. Ctr., 408 N.J. Super. 159, 169-70 (App. Div. 2009)).]

In contrast, under the "exceptional circumstances" standard, a movant "must satisfy four inquiries" by demonstrating:

(1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the

24

circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.

[Rivers v. LSC P'ship, 378 N.J. Super. 68, 79 (App. Div. 2005).]

Clearly, "[t]he good cause standard is 'more lenient' and '"flexible . . ."' without a fixed or definite meaning.'" Hollywood Café, 473 N.J. Super. at 217 (quoting Bldg. Materials Corp. of Am., 424 N.J. Super. at 480).

In Hollywood Café, we considered which standard applied when a court notice fixes an arbitration or trial date before discovery ends, as occurred here. 473 N.J. Super. at 219. There, the plaintiff requested a discovery extension by motion in a timely manner pursuant to Rule 4:24-1(c). Id. at 214. We held that "when the [trial] court chooses to send out arbitration and trial notices during the discovery period, judges evaluating a timely motion to extend discovery may not utilize the 'exceptional circumstances' standard, but rather the judge 'shall enter an order extending discovery' upon a showing of 'good cause.'" Id. at 220 (quoting R. 4:24-1(c)).

In Leitner, we examined whether the plaintiffs satisfied the good cause standard in their motion to extend discovery that was returnable before the discovery end-date. 392 N.J. Super. at 87. There, the "[p]laintiffs' counsel did not propound any interrogatories, document requests, or send out any notices to

25

depose." Id. at 88. Additionally, "[p]laintiffs' counsel neither retained nor identified any expert witnesses" despite "alleging violations of the Law Against Discrimination ('LAD') and the Americans with Disabilities Act ('ADA')" in the complaint. Id. at 82, 89. Indeed, we described plaintiffs' counsel's discovery efforts as "anemic, vacuous and delusory." Id. at 88.

In contrast, the defendant's "counsel propounded uniform interrogatories and one page of supplementary interrogatories," and deposed plaintiffs. Ibid. Nonetheless, although the defendant "never received the answers to the supplementary interrogatories propounded[,]" it never "move[d] to dismiss plaintiffs' complaint for failure to answer same pursuant to [Rule] 4:23-5" nor "asked the court for a case management conference." Id. at 88-89. On balance, we determined that although "the case was over 450 days old," id. at 92,

> given the purpose and goals of Best Practices, the lack of prejudice to [the defendant], the extreme prejudice to the individual plaintiffs, the lack of a trial date and the need for the public to have confidence that disputes will be resolved on the merits whenever possible, the trial judge mistakenly exercised his discretion by refusing to extend the discovery date.
>
> [Id. at 93.]

Accordingly, we reversed and remanded the matter "for the entry of an order extending the discovery end[]date." Id. at 94.

Here, the discovery end date is disputed. Plaintiffs assert that the original discovery end date was miscalculated and should have been August 3, 2022, instead of June 8, 2022. Plaintiffs assert that their motion was governed by a good cause standard which they established by demonstrating that (1) the complaint was filed in the waning days of the COVID-19 pandemic; (2) the denial caused them extreme prejudice; (3) the Weir and Baron defendants faced no prejudice from extending discovery; (4) the trial court miscalculated the discovery end date; and (5) various other obstacles creating discovery problems, including plaintiffs' counsel "winding down" his practice, settlement discussions with the Ward defendants, the Estate's default, and needing more time for discovery at the time of the motion.

Although the judge did not specify in his September 12, 2022, oral opinion the standard used in rejecting plaintiffs' cross-motion to extend discovery, the judge's reasoning supports denial of an extension under the good cause standard. Moreover, plaintiffs never moved for reconsideration of the September 12, 2022, order denying plaintiffs' cross-motion to extend discovery. Instead, the only order raised in plaintiffs' November 28, 2022, motion for reconsideration was the October 25, 2022, order dismissing claims as to the Weir defendants.

Further, plaintiffs' reliance on <u>Hollywood Café</u> and <u>Leitner</u> to support their argument that good cause was shown for an extension is misplaced. Unlike here, in <u>Hollywood Café</u>, we noted that "the parties served paper discovery demands on each other" and participated unsuccessfully in court-ordered mediation all in the immediate aftermath of the COVID-19 pandemic and our Supreme Court's first of eleven "Omnibus" orders. 473 N.J. Super. at 220-21, n.3. Further, unlike <u>Leitner</u>, here, defendants engaged in extensive motion practice to compel answers to interrogatories and production of documents, for more definite claims in the complaint, and to dismiss plaintiffs' claims against them in whole or in part. Additionally, prejudice to defendants is evident in the record before us.

Plaintiffs' admitted lack of diligence continued for over a year and seven months, and, as such, plaintiffs face little prejudice that was not caused by their own dilatory conduct. As we stated in <u>Leitner</u>,

> Best Practices was enacted to "counteract an unfortunate and increasingly dilatory, casual and desultory approach by some members of the bar to their litigation responsibilities." [<u>Tucci v. Tropicana Casino & Resort, Inc.</u>, 364 N.J. Super. 48, 53 (App. Div. 2003)]. The Best Practices guidelines, however, are not inflexible, unbending dictates, but vest significant discretion with the trial courts to determine on a case-by-case basis if a discovery period should be extended and, if so, what deadlines and conditions should be set.

[Leitner, 392 N.J. Super. at 90.]

Here, we discern no abuse of discretion in the judge's careful exercise of his broad discretion.

In Point II, plaintiffs contend the judge erroneously dismissed its claims against the Weir defendants under Rule 4:37-2(a), and against the Baron defendants under Rule 4:23-2(b)(3).

When a party fails to comply with a court's order, "[t]he court must . . . carefully weigh what sanction is the appropriate one, choosing the approach that imposes a sanction consistent with fundamental fairness to both parties." Williams v. Am. Auto Logistics, 226 N.J. 117, 125 (2016) (omission in original) (quoting Robertet Flavors, Inc. v. Tri-Form Constr., Inc., 203 N.J. 252, 282-83 (2010)). In choosing the appropriate sanction, the trial court must consider "[t]he varying levels of culpability of delinquent parties." Georgis v. Scarpa, 226 N.J. Super. 244, 251 (App. Div. 1988). "The extent to which [one party] has impaired [the other's] case may guide the court in determining whether less severe sanctions will suffice." Williams, 226 N.J. at 125 (alterations in original) (quoting Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 116 (2005)).

Whether dismissal is appropriate requires courts to "assess the facts, including the willfulness of the violation, the ability of plaintiff to produce the [evidence], the proximity of trial, and prejudice to the adversary." Casinelli v. Manglapus, 181 N.J. 354, 365 (2004). The "ultimate sanction of dismissal" must be used "only sparingly." Abtrax Pharms., 139 N.J. at 514 (quoting Zaccardi v. Becker, 88 N.J. 245, 253 (1982)). "If a lesser sanction than dismissal suffices to erase the prejudice to the non-delinquent party, dismissal of the complaint is not appropriate and constitutes an abuse of discretion." Georgis, 226 N.J. Super. at 251. "But when the plaintiff's disregard of a court order impairs 'the defendant's ability to present a defense on the merits,' the defendant will be deemed to have suffered irreparable prejudice." Gonzalez, 185 N.J. at 116 (quoting State v. One 1986 Subaru, 120 N.J. 310, 315 (1990)); see also Moschou v. DeRosa, 192 N.J. Super. 463, 466-67 (App. Div. 1984) (requiring dismissal where defendant's disposal of records after statute of limitations had run prejudiced his case).

As to the Weir defendants, Rule 4:37-2(a) provides:

> For failure of the plaintiff to cause a summons to issue within [fifteen] days from the date of the Track Assignment Notice or to comply with these rules or any order of court, the court in its discretion may on defendant's motion dismiss an action or any claim against the defendant. Such a dismissal shall be

without prejudice unless otherwise specified in the order.

In <u>Gonzalez</u>, our Supreme Court examined how a party's course of conduct "enter[s] into the calculus in determining the appropriate sanction." 185 N.J. at 116.

> For example, in <u>Merck & Co. v. Biorganic Laboratories, Inc.</u>, the Appellate Division affirmed the trial court's entry of a default against defendants who engaged in a "deliberate course of conduct" that "frustrate[d] plaintiff's discovery." 82 N.J. Super. 86, 88, 91 (App. Div. 1964). In that case, the plaintiff alleged that the defendants had wrongly acquired trade secrets. <u>Id.</u> at 88. During discovery, the trial court ordered the defendants to produce important corporate documents for the plaintiff's inspection. <u>Id.</u> at 88-89. Despite knowledge of that order, the defendants destroyed the documents sought by the plaintiff. <u>Ibid.</u> Judge (later Justice) Sullivan, writing for the Appellate Division, "recognize[d] the trial court's inherent power" to enter a default judgment in light of the defendant's "outrageous conduct," and concluded that "[t]o hold otherwise would permit defendants effectively to frustrate the prosecution of plaintiff's cause of action." <u>Id.</u> at 91.
>
> [<u>Gonzalez</u>, 185 N.J. at 116.]

Applying those principles, the <u>Gonzalez</u> Court held that the plaintiff's refusal "to take the oath and provide testimony" in violation of the trial court's order, despite being "uniquely qualified to provide testimony concerning the whereabouts or absence of" an individual critical to the claims brought, was

"flagrant and without justification." Id. at 116-17, 119. The Court explained that plaintiff's conduct was "an affront to the court's authority and so fundamentally unfair to [the defendant] that plaintiff should have been advised that he was facing the immediate dismissal of his cause of action." Id. at 119. "After such a warning, if plaintiff continued to defy the court's order, then the court should have dismissed plaintiff's case" and to do otherwise was an abuse of the court's discretion. Ibid.

However, in Crispin, the Court held that the plaintiff's delay in serving summonses contrary to our court rules did not rise to the level of conduct requiring dismissal of the complaint with prejudice despite the defendants' claim of prejudice. 96 N.J. at 341, 345-46. The Court acknowledged:

> Competing policies are involved in disputes over procedural questions such as this. The defendant's right to have the plaintiff comply with procedural rules conflicts with the plaintiff's right to an adjudication of the controversy on the merits. Crews v. Garmoney, 141 N.J. Super. 93, 96 (App. Div. 1976). A range of sanctions is available when a party violates a court rule. Since dismissal with prejudice is the ultimate sanction, it will normally be ordered only when no lesser sanction will erase the prejudice suffered by the non-delinquent party. See Gnapinsky v. Goldyn, 23 N.J. 243, 248 (1957); Schlosser v. Kragen, 111 N.J. Super. 337, 346 (Law Div. 1970).
>
> We recognize that delay that so prejudices a defendant that his ability to defend the case is seriously

32

impaired will call for dismissal with prejudice. See [Moschou, 192 N.J. Super. at 466-67] (dismissal required where defendant's disposal of records after statute of limitations had run prejudiced his case). But the prejudice that defendants claim is primarily lack of joinder . . . . There is no proof that any evidence is less available now than . . . when the . . . litigation took place.

[Crispin, 96 N.J. at 345.]

Here, defendants challenged plaintiffs' inaction early and often. Given the extent of plaintiffs' disregard of the trial court's orders directing them to file an amended complaint and respond to defendants' discovery demands, as well as counsel's concession "that [he had] been less than fully diligent in the prosecution of th[e] case" due to the firm's internal case management, we discern no abuse of discretion in the dismissal of plaintiffs' complaint against the Weir defendants with prejudice.

As to the Baron defendants, Rule 4:23-2(b)(3) provides:

If a party . . . or authorized agent of a party . . . fails to obey an order to provide or permit discovery, including an order made under [Rule] 4:23-1, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . .

(3) An order striking out pleadings or parts thereof, or staying further proceedings

33

> until the order is obeyed, or dismissing the action or proceeding or any part thereof with or without prejudice, or rendering a judgment by default against the disobedient party . . . .

The analysis is similar to a Rule 4:37-2(a) motion and the same result obtains. Critically, the Baron defendants repeatedly moved to compel more specific answers from plaintiffs. As early as April 29, 2022, plaintiffs were directed by the court "to provide fully responsive certified [a]nswers" and provide requested documents, particularly regarding plaintiffs' expected expert witness as required to support their malpractice claims. See, e.g., Buchanan v. Leonard, 428 N.J. Super. 277, 288-89 (App. Div. 2012) (citations omitted) (recognizing generally expert testimony is necessary to sustain a legal malpractice claim). Plaintiffs continued to provide unsatisfactory answers and were again ordered to provide more specific answers in a September 12, 2022, order. Ultimately, plaintiffs conceded at the October 21, 2022, oral argument that "there [was] no claim being asserted against [the Baron defendants] in [c]ounts [seven] or [eight]" of their complaint. Nonetheless, plaintiffs continued to argue against dismissal with prejudice to leave open the possibility of adding the Baron defendants in the future.

The judge's reasons for dismissing with prejudice are amply supported by the record and largely undisputed. Given the prejudice faced by the Baron defendants, plaintiffs' lack of compliance with orders, and plaintiffs' continuous inability to evince meritorious claims against the remaining named defendants during the discovery process, we discern no abuse of discretion in the dismissal of plaintiffs' complaint against the Baron defendants with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION